**SINGH, SINGH & TRAUBEN, LLP**
**THOMAS K. RICHARDS** (SBN: 310209)
  trichards@singhtraubenlaw.com
**JUSTIN R. TRAUBEN** (SBN: 278705)
  jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Plaintiffs*
Q PRODUCTIONS, INC.
and SUZETTE QUINTANILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q PRODUCTIONS, INC., a Texas corporation, and SUZETTE QUINTANILLA, an individual,<br><br>              Plaintiffs,<br><br>   v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, a Delaware limited liability company, and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>              Defendants.<br>_____ | Case No.: 2:26-cv-2588<br><br>**COMPLAINT for:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>2. **VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125)**<br>3. **FEDERAL TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)**<br>4. **COMMON LAW UNFAIR COMPETITION**<br>5. **VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**<br>6. **VIOLATION OF CALIFORNIA STATUTE RIGHT OF PUBLICITY (CIVIL CODE § 3344.1)** |

Plaintiffs Q Productions, Inc. ("**Q Productions**") and Suzette Quintanilla ("**Quintanilla**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby file their Complaint against defendants SHEIN DISTRIBUTION CORPORATION ("**Shein Distribution**"), SHEIN US SERVICES, LLC ("**Shein US Services**"), and SHEIN TECHNOLOGY LLC ("**Shein Technology**") (collectively, "**Defendants**") and, in support thereof, state as follows:

## NATURE OF ACTION

1. This is an action to remedy acts of, inter alia, federal and state trademark infringement, false designation of origin and misrepresentation in commerce, unfair competition, dilution, and misappropriation of rights of publicity, all caused by, inter alia, Defendants' infringement of Plaintiff Q Productions' valuable trademarks, including but not limited to "SELENA" and associated designs, and Defendants' unauthorized use and misappropriation of the name, likeness, identity, and persona of Selena Quintanilla-Pérez ("**Selena**").

## THE PARTIES

2. Plaintiff Q Productions is a Texas corporation with its principal place of business in Nueces County, Texas.

3. Plaintiff Quintanilla is an individual citizen of the State of Texas residing in Nueces County, Texas.

4. Upon information and belief, Defendant Shein Distribution is a Delaware corporation registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

5. Upon information and belief, Defendant Shein US Services is a Delaware limited liability company registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

6. Upon information and belief, Defendant Shein Technology is a Delaware limited liability company registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

7. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants acted in concert and conspired with or aided and abetted each other to do the acts complained of in this Complaint. Further, Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, all Defendants acted as an agent for the other, and, as such, were at all times mentioned herein acting within the course and scope of such agency.

## JURISDICTION AND VENUE

8. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.* (the "**Lanham Act**"), and under related statutory and common laws of the State of California, including but not limited to California Civil Code § 3344.1 and California common law rights of publicity.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1114 and 1125, as, among other things, Plaintiffs' causes of action arise under the Lanham Act. Further, this Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because Defendants are registered to do business in California, maintain their principal place of business in Los Angeles, California, and have marketed, promoted, sold, and distributed Defendants' goods and services in this Judicial District. Defendants conduct or transact substantial business activities and contract to supply goods or services in this State, and Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this State. Defendants have marketed, promoted, and distributed their services in this State and maintain sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution, and marketing to render the exercise of jurisdiction over Defendants by this Court permissible.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants'

SINGH, SINGH & TRAUBEN, LLP

3
COMPLAINT

conduct resulted in actionable conduct within this Judicial District, the harms and obligations sued upon were incurred and occurred in Los Angeles County, California, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

### Selena Quintanilla-Pérez

12. Selena Quintanilla-Pérez was an American singer, songwriter, spokesperson, actress, and fashion designer commonly known as one of the most celebrated Latin American entertainers of the late 20th century.

13. Plaintiff Q Productions is the owner of U.S. Trademark Registration Nos. 4,160,607, 5,522,456, and 5,993,615 as set forth on the Principal Register of the United States Patent and Trademark Office (the "**USPTO**") for the design plus word trademark "SELENA" (the "**Selena Marks**"). The Selena Marks are registered for, among other categories, "Footwear; Headwear; Headwear, namely, hats, caps, visors, bandanas; Loungewear; Outerwear, namely, coats, hats, jackets, gloves; Pants; Scarves; Shirts; Shirts and short-sleeved shirts; Shorts; Sweatshirts; Swimwear; Tank-tops; Tank tops; Underwear; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bottoms as clothing; Caps being headwear; Hooded sweatshirts; Sweat shirts; T-shirts; Tee shirts; Tops as clothing; Visors being headwear; Wearable garments and clothing, namely, shirts; Women's clothing, namely, shirts, dresses, skirts, blouses" and "Audio recording and production; Entertainment in the nature of visual and audio performances, namely, musical band, rock group, gymnastic, dance, and ballet performances; Entertainment Services namely, providing a web site featuring musical performances, musical videos, related film clips, photographs, and other multimedia materials; Fan clubs; Operation of a museum commemorating the life of Selena Quintanilla Perez."

14. Plaintiff Q Productions has continuously used the Selena Marks in commerce in connection with entertainment services and merchandise since at least as early as 1989.

15. Plaintiff Quintanilla is the registered property rights holder in and to the

deceased Selena's name, voice, signature, photograph, and likeness in connection with products, merchandise, goods, and for the purposes of advertising, selling, and soliciting the purchase of products, goods, and services.

16. Over the years, Plaintiffs, by and through Selena's name, voice, signature, photograph, and likeness, have selectively endorsed and continue to selectively endorse a variety of products and services, including clothing and fashion accessories.

17. Plaintiffs have invested substantial time, energy, finances, and entrepreneurial effort in developing and fostering the reputation and legacy of Selena, her popularity, fame, and prominence in the public eye.

18. Selena's name, voice, signature, photograph, likeness, and persona have come to be associated in the minds of the consuming public with products and services, including apparel products and entertainment services.

19. Selena's name, voice, signature, photograph, likeness, and persona have become widely known to a sizeable segment of the public in the United States and internationally, and thereby have become, and are, valuable commercial assets that symbolize Selena and the level of quality associated with Selena products, services, and the goodwill that is associated with them.

20. Plaintiffs regularly receive substantial financial offers requesting permission for, and seeking the use of, Selena's name, voice, signature, photograph, likeness, and persona, including for licensing, endorsing, marketing, and promoting products and services.

21. Plaintiffs maintain strict control over the manner and use of Selena's name, voice, signature, photograph, likeness, and persona. Plaintiffs exercise careful consideration in selecting and approving products and services that they will permit to use Selena's name, voice, signature, photograph, likeness, and persona. Plaintiffs restrict such use and licensing to products and services that are of acceptably high quality to Plaintiffs and for which compensation is commensurate with the exploitation and value thereof.

///

**Defendants' Infringing Activities**

22. Upon information and belief, Defendants collectively operate as an integrated enterprise engaged in the design, manufacture, marketing, promotion, distribution, and sale of fashion apparel and related merchandise, including through the website https://us.shein.com and various social media platforms.

23. Defendants sell their products directly to consumers via their website and further distribute and authorize the sale of their products through various third-party retailers located throughout the United States, including in Los Angeles, California.

24. Defendants advertise and promote their products on various social media platforms, including but not limited to Instagram and Twitter (now known as X).

25. Defendants have designed, manufactured, marketed, promoted, and authorized for sale, among other products, t-shirts and other merchandise featuring the name, likeness, identity, and persona of Selena, as well as unauthorized uses of the Selena Marks (the "**Infringing Products**"). The Infringing Products include, but are not limited to, countless t-shirts and related merchandise featuring Selena's likeness and infringing the Selena Marks.

26. The Infringing Products are advertised and promoted by Defendants through the use of Selena's name, likeness, identity, and persona, in addition to famous slogans associated with Selena.

27. The Infringing Products have received attention and interest from the media and market and the consuming public as a direct and proximate result of Defendants' unlawful use and misappropriation of Selena's name, likeness, identity, and persona, and infringement of the Selena Marks.

28. The Infringing Products continue to be manufactured, marketed, promoted, and offered for sale in the State of California and throughout the United States.

29. Plaintiffs did not authorize Defendants, or any of them, to use Selena's name, likeness, identity, or persona, or the Selena Marks, in connection with the Infringing Products, or otherwise.

30. Plaintiffs were not contacted by Defendants to seek or obtain permission, nor were Plaintiffs compensated by Defendants, for the use of Selena's name, likeness, identity, or persona, or the Selena Marks.

31. The use of Selena's name, likeness, identity, or persona, and the Selena Marks, by Defendants was, and is, in conscious disregard of Plaintiffs' rights of publicity and trademark rights, and of Plaintiffs' exclusive right to control the use and exploitation of Selena's name, likeness, identity, or persona, and the Selena Marks.

## Notice of Infringement

32. On or about August 1, 2025, Plaintiffs caused to have delivered to Defendants a cease and desist letter highlighting Plaintiffs' longstanding and extensive use of the Selena Marks and rights of publicity, as well as the nature of Defendants' infringement and misappropriation, demanding that Defendants cease and desist any future use of the Selena Marks and Selena's name, likeness, identity, or persona ("**Plaintiffs' Cease & Desist Letter**"). A true and correct copy of Plaintiffs' Cease & Desist Letter is attached hereto as **Exhibit "A"**.

33. Despite the delivery of Plaintiffs' Cease & Desist Letter, Defendants did not cease their infringement and misappropriation.

34. Instead, Defendants are continuing the unlawful marketing, promotion, distribution, and displaying of the Infringing Products through the unauthorized use of the Selena Marks and Selena's name, likeness, identity, and persona.

35. To date, Defendants continue to willfully and unlawfully exploit Plaintiffs' Selena Marks and rights of publicity in commerce against the express demands by Plaintiffs to cease and desist such use.

36. Defendants' wrongful and willful actions in the infringement of Plaintiffs' proprietary rights in the Selena Marks and Selena's name, likeness, identity, and persona have caused substantial injury to Plaintiffs.

37. A composite compilation of evidence documenting the Infringing Activities, including screenshots of Defendants' website featuring unauthorized uses of the Selena

Marks and Selena's name, likeness, identity, and persona on merchandise such as t-shirts, is attached hereto as composite **Exhibit "B"**.

38. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

## COUNT I
## <u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)</u>
**(By Plaintiff Q Productions Against All Defendants)**

39. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. The use in commerce by Defendants of the Selena Marks has been without the consent of Plaintiff Q Productions, the owner and registrant of U.S. Trademark Registration Nos. 4,160,607, 5,522,456, and 5,993,615, in violation of 15 U.S.C. § 1114.

41. The use in commerce of, among other things, Defendants' website and various social media accounts, is also confusingly similar to Plaintiff Q Productions' Selena Marks, and such use has been without the consent of Plaintiff Q Productions.

42. Defendants' promotion and sale of merchandise through the use of the Selena Marks has been without the consent of Plaintiff Q Productions.

43. Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks, which are colorable imitations, counterfeits, copies, or confusingly similar to Plaintiff Q Productions' Selena Marks, are likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114, and they have caused such confusion.

44. Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks have caused substantial confusion and mistake, and have deceived customers of Plaintiff Q Productions, potential customers of Plaintiff Q Productions, and others seeking services from Plaintiff Q Productions, nationwide, and particularly in California, in violation of 15 U.S.C. § 1114.

45. Plaintiffs placed Defendants on formal notice of Plaintiff Q Productions' ownership of the Selena Marks as early as August 1, 2025, by letter. Nevertheless,

Defendants have continued to offer the Infringing Products in commerce using the Selena Marks.

46. By and through the aforementioned formal notice, Defendants were afforded the opportunity to purge themselves of the actions which they have conducted. Nevertheless, Defendants have failed to take the remedial actions reasonably requested by Plaintiffs to end such willful infringement.

47. In view of the foregoing, Defendants have and continue to willfully infringe Plaintiff Q Productions' Selena Marks, whereby Plaintiff Q Productions is entitled to damages, including Defendants' profits, other damages sustained by Plaintiff Q Productions, the costs of this action, and reasonable attorneys' fees, as set forth in 15 U.S.C. § 1117.

48. Defendants' wrongful acts threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, pursuant to 15 U.S.C. § 1116.

## COUNT II
## VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125)
### (By Plaintiff Q Productions Against All Defendants)

49. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Defendants' use in commerce of Plaintiff Q Productions' exact Selena Marks in connection with the provision of Defendants' goods and services has caused substantial confusion and is likely to continue to cause confusion and mistake, and to deceive, and to make consumers mistakenly believe that such goods and services are Plaintiff Q Productions' goods, or that such goods and services are sponsored by, approved by, or somehow connected with Plaintiff Q Productions, with consequent injury to Plaintiff Q Productions and to consumers of Plaintiff Q Productions' goods and services.

51. The aforesaid infringements of Plaintiff Q Productions' Selena Marks by Defendants have caused readily identifiable confusion nationwide and are likely to

continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Q Productions, or as to the origin, sponsorship, or approval of the goods, services, or commercial activities of Defendants by Plaintiff Q Productions, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. The aforesaid acts of Defendants were undertaken with knowledge of Plaintiff Q Productions' prior trademark rights in the Selena Marks.

53. Plaintiff Q Productions has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' aforementioned acts, and has further suffered monetary damages in an amount to be determined at trial.

54. Defendants' wrongful acts entitle Plaintiff Q Productions to damages and injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1117.

55. Plaintiff Q Productions has no adequate remedy at law.

## COUNT III
## FEDERAL TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)
### (By Plaintiff Q Productions Against All Defendants)

56. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. The Selena Marks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c), having achieved widespread recognition and association with Selena's legacy, products, and services.

58. Selena is a cultural icon whose name and likeness are instantly recognizable to millions of consumers, with a dedicated museum, fan clubs, and decades of commercial success in apparel and entertainment merchandising.

59. Defendants' unauthorized use of the Selena Marks and confusingly similar marks in commerce dilutes the distinctive quality of the Selena Marks by blurring and/or tarnishment, in violation of 15 U.S.C. § 1125(c).

60. Defendants' dilution of the Selena Marks has been willful, as evidenced by their continued infringement after receipt of Plaintiffs' Cease & Desist Letter.

61. As a result, Plaintiff Q Productions has suffered and will continue to suffer irreparable harm, and is entitled to injunctive relief, damages, and other remedies under 15 U.S.C. § 1125(c) and § 1117.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
### (By Plaintiff Q Productions Against All Defendants)

62. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. The use of the Selena Marks by Defendants has caused substantial confusion and is likely to continue to cause confusion between Defendants and/or their activities and Plaintiff Q Productions and its activities nationwide, and such use by Defendants infringes the valuable common law rights of Plaintiff Q Productions in its Selena Marks.

64. Defendants' aforesaid activities also constitute unfair competition with Plaintiff Q Productions by creating confusion as to the source or sponsorship of the goods and services of Defendants and misappropriates the fine reputation and goodwill of Plaintiff Q Productions in its Selena Marks, thereby injuring that reputation and goodwill, and diverting from Plaintiff Q Productions the benefits and goodwill arising therefrom.

65. Defendants' wrongful acts have damaged Plaintiff Q Productions in an amount to be determined at the time of trial.

66. Defendants have been on actual notice of Plaintiff Q Productions' marks and registrations and have acted willfully in infringing, and continuing to infringe, Plaintiff Q Productions' Selena Marks, thereby entitling Plaintiff Q Productions to actual and punitive damages, in an amount to be proven at trial.

67. Defendants' wrongful acts have irreparably injured Plaintiff Q Productions, and threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, as Plaintiff Q Productions has no adequate remedy at law.

///

///

## COUNT V
## **VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**
### (By Plaintiff Quintanilla Against All Defendants)

68. Plaintiff Quintanilla repeats and re-alleges each and every allegation contained in Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

69. In doing the acts alleged herein, Defendants have used for commercial purposes Selena's name, likeness, identity, or persona without Plaintiff Quintanilla's consent.

70. The commercial use and misappropriation of Selena's name, likeness, identity, or persona is a violation of California's common law right of publicity.

71. As a proximate result of Defendants' acts alleged herein, Plaintiff Quintanilla has suffered and will continue to suffer damages in an amount to be proven at trial.

72. Defendants' wrongful acts have irreparably injured Plaintiff Quintanilla, and threaten to continue to irreparably injure Plaintiff Quintanilla, unless and until said acts are enjoined by this Court, as Plaintiff Quintanilla has no adequate remedy at law.

## COUNT VI
## **VIOLATION OF CALIFORNIA STATUTE RIGHT OF PUBLICITY (CIVIL CODE § 3344.1)**
### (By Plaintiff Quintanilla Against All Defendants)

73. Plaintiff Quintanilla repeats and re-alleges each and every allegation contained in Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. In doing the acts alleged herein, Defendants have knowingly, willfully, and unlawfully used and misappropriated Selena's name, likeness, identity, or persona in connection with the exploitation and promotion of the Infringing Products for their own commercial purposes.

75. Defendants' misappropriation of Selena's name, likeness, identity, or persona for their own commercial purposes is a violation of California Civil Code § 3344.1.

76. As a result of Defendants' actions, Plaintiff Quintanilla has suffered, and will

continue to suffer, damages in an amount to be proven at trial.

77. Defendants' wrongful acts have irreparably injured Plaintiff Quintanilla, and threaten to continue to irreparably injure Plaintiff Quintanilla, unless and until said acts are enjoined by this Court, as Plaintiff Quintanilla has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Q Productions, Inc. and Suzette Quintanilla respectfully request that this Honorable Court enter a final judgment in their favor and as against Defendants SHEIN DISTRIBUTION CORPORATION, SHEIN US SERVICES, LLC, and SHEIN TECHNOLOGY LLC, inclusive, jointly and severally, as follows:

1. Determining that Defendants' use of the Selena Marks and Selena's name, likeness, identity, or persona constitutes:

    a. Trademark infringement in violation of 15 U.S.C. § 1114;

    b. False designation of origin and unfair competition in violation of 15 U.S.C. § 1125;

    c. Trademark dilution in violation of 15 U.S.C. § 1125(c);

    d. Unfair competition in violation of the common law of the State of California;

    e. Violation of the California common law right of publicity; *and*

    f. Violation of California Civil Code § 3344.1.

2. That Defendants and all those acting in concert with them be permanently restrained and enjoined from using the Selena Marks or any colorable imitation thereof, with respect to any merchandise or similar goods or services;

3. That Defendants and anyone associated with them and all those acting in concert with them be permanently restrained and enjoined from infringing the Selena Marks or using Selena's name, likeness, identity, or persona in any promotion, advertising, marketing activities, or manufacture or sale of commercial products;

4. For the full value of all Defendants' profits derived from Defendants' unlawful acts set forth herein, together with the damages of Plaintiffs, including lost profits, in an amount to be determined, in addition to a full accounting of all infringing sales and revenues;

5. That the amount of any judgment be trebled pursuant to 15 U.S.C. § 1117, due to the willful infringement of the Selena Marks by Defendants;

6. For an award of compensatory damages, consequential damages, lost profits, and/or disgorgement of Defendants' profits;

7. For enhanced damages;

8. For punitive damages;

9. The costs of this action and Plaintiffs' reasonable attorneys' fees, to be taxed against the Defendants, in accordance with 15 U.S.C. § 1117 and California Civil Code § 3344.1;

10. All advertising materials, brochures, handouts, or any other materials containing the Selena Marks, or any colorable imitation thereof, or any other similar mark, or Selena's name, likeness, identity, or persona, be accounted for, and delivered to the attorneys for Plaintiffs for such disposal and/or destruction as Plaintiffs may exercise pursuant to 15 U.S.C. § 1118; and

11. For a permanent injunction, pursuant to 15 U.S.C. § 1116, against Defendants and anyone associated with Defendants, as well as those persons in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise from:

   a. Using the Selena Marks (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise); or any reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the Selena Marks as a trade name, trademark or service mark, or in any other manner which suggests in any way that Defendants and/or their activities originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiffs, or that Plaintiffs and/or their activities are affiliated in any way with the Defendants;

   b. Infringing the Selena Marks or any colorable imitation thereof;

   c. Using in connection with their activities any false or deceptive designation, representation, or description of Plaintiffs or the Selena Marks, whether by symbols or words or statements, which would damage or injure Plaintiffs or give Defendants an unfair competitive advantage in the marketplace;

   d. Using any internet web site or domain name or metatag or online account which includes the Selena Marks or any similar marks;

SINGH, SINGH & TRAUBEN, LLP

  e. Purchasing or using any searchable key words which include the Selena Marks;

  f. Engaging in acts of state or common law trade name infringement, trademark infringement, service mark infringement, unfair competition or misappropriation which would damage or injure Plaintiffs;

  g. Diluting the trade name and trademarks of Plaintiffs;

  h. Using Selena's name, likeness, identity, or persona for commercial purposes without consent; *and*

  i. Inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

12. For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs Q Productions, Inc. and Suzette Quintanilla hereby demand a trial by jury in this action.

DATED: March 11, 2026    Respectfully submitted,

              **SINGH, SINGH & TRAUBEN, LLP**
              **JUSTIN R. TRAUBEN**

              By: _____
                Justin R. Trauben

              *Attorneys for Plaintiffs*
              Q PRODUCTIONS, INC.
              and SUZETTE QUINTANILLA