GREENBERG TRAURIG, LLP
VALERIE W. HO (SBN 200505)
*Valerie.Ho@gtlaw.com*
DAVID H. MARENBERG (SBN 329154)
*MarenbergD@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700

Attorneys for Defendants Shein Distribution
Corporation, Shein US Services, LLC, Shein
Technology, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Q PRODUCTIONS, INC., a Texas corporation, and SUZETTE QUINTANILLA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, a Delaware limited liability company, and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 2:26-cv-02588-JFW-ACCV<br><br>**DEFENDANTS SHEIN DISTRIBUTION CORPORATION, SHEIN U.S. SERVICES, LLC, AND SHEIN TECHNOLOGY, LLC'S ANSWER TO COMPLAINT**<br><br>Assigned to:  Hon. John F. Walter |

ACTIVE 723067215

Defendants Shein Distribution Corporation ("SDC"), Shein U.S. Services, LLC ("SHS"), and Shein Technology, LLC ("ST), (collectively, "Shein Defendants"), by and through their undersigned counsel, hereby respond to the Complaint filed by Plaintiffs Q Productions, Inc. and Suzette Quintanilla ("Plaintiffs") as follows:

## PRELIMINARY STATEMENT

Shein Defendants respond below to the allegations contained in the numbered paragraphs of Plaintiffs' Complaint. Unless expressly admitted below, Shein Defendants deny all allegations and characterizations in the Complaint, including, without limitation, any allegations or characterizations made in the introductory paragraph of the Complaint preceding the numbered paragraphs, and/or the headings in the Complaint, which are reproduced in this Answer for convenience only. For each paragraph and generally, Shein Defendants explicitly deny that it is appropriate for Plaintiffs to refer to defendants named in this action in a collective manner, as doing so fails to provide Shein Defendants with fair notice of the allegations against each individual defendant. To the extent allegations in the Complaint are directed at "Defendants[,]" each Shein Defendant responds to those allegations on its own behalf and only insofar as the allegations are directed against that Shein Defendant, and not against any other "Defendant," person, or entity.

## NATURE OF ACTION

1.     This is an action to remedy acts of, inter alia, federal and state trademark infringement, false designation of origin and misrepresentation in commerce, unfair competition, dilution, and misappropriation of rights of publicity, all caused by, inter alia, Defendants' infringement of Plaintiff Q Productions' valuable trademarks, including but not limited to "SELENA" and associated designs, and Defendants' unauthorized use and misappropriation of the name, likeness, identity, and persona of Selena Quintanilla-Pérez ("**Selena**").

**RESPONSE TO PARAGRAPH 1:**

Shein Defendants admit that Plaintiffs purport to bring an action under the theories of    federal    and    state    trademark    infringement,    false    designation    of    origin    and

ACTIVE 723067215

misrepresentation in commerce, unfair competition, dilution, and misappropriation of rights of publicity but deny those claims have merit. Shein Defendants deny the remaining allegations of this paragraph.

## THE PARTIES

2.     Plaintiff Q Productions is a Texas corporation with its principal place of business in Nueces County, Texas.

**RESPONSE TO PARAGRAPH 2:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

3.     Plaintiff Quintanilla is an individual citizen of the State of Texas residing in Nueces County, Texas.

**RESPONSE TO PARAGRAPH 3:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

4.     Upon information and belief, Defendant Shein Distribution is a Delaware corporation registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

**RESPONSE TO PARAGRAPH 4:**

SDC admits it is a Delaware corporation registered to do business in California. SDC denies the remaining allegations of this paragraph.

5.     Upon information and belief, Defendant Shein US Services is a Delaware limited liability company registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

**RESPONSE TO PARAGRAPH 5:**

SHS admits it is a Delaware limited liability company registered to do business in California. SHS denies the remaining allegations of this paragraph.

ACTIVE 723067215

6.      Upon information and belief, Defendant Shein Technology is a Delaware limited liability company registered to do business in California, with its principal place of business located at 757 S. Alameda St., Suite 220, Los Angeles, California 90021.

**RESPONSE TO PARAGRAPH 6:**

ST admits it is a Delaware limited liability company registered to do business in California. ST denies the remaining allegations of this paragraph.

7.      Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants acted in concert and conspired with or aided and abetted each other to do the acts complained of in this Complaint. Further, Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, all Defendants acted as an agent for the other, and, as such, were at all times mentioned herein acting within the course and scope of such agency.

**RESPONSE TO PARAGRAPH 7:**

Denied.

**JURISDICTION AND VENUE**

8.      This action arises under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.* (the "**Lanham Act**"), and under related statutory and common laws of the State of California, including but not limited to California Civil Code § 3344.1 and California common law rights of publicity.

**RESPONSE TO PARAGRAPH 8:**

Shein Defendants admit that Plaintiffs purport to bring an action asserting claims under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.*, and California statutory and common law but deny those claims have merit. Shein Defendants deny the remaining allegations of this paragraph.

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1114 and 1125, as, among other things, Plaintiffs' causes of action arise under the Lanham Act. Further, this Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367.

3

**RESPONSE TO PARAGRAPH 9:**

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Shein Defendants admit that this Court has subject matter jurisdiction over the federal claims in this action and admit that Plaintiffs have alleged state law claims, but deny those claims have merit. For purposes of this action only, Shein Defendants do not contest subject matter jurisdiction.

10.    This Court has personal jurisdiction over Defendants because Defendants are registered to do business in California, maintain their principal place of business in Los Angeles, California, and have marketed, promoted, sold, and distributed Defendants' goods and services in this Judicial District. Defendants conduct or transact substantial business activities and contract to supply goods or services in this State, and Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this State. Defendants have marketed, promoted, and distributed their services in this State and maintain sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution, and marketing to render the exercise of jurisdiction over Defendants by this Court permissible.

**RESPONSE TO PARAGRAPH 10:**

Shein Defendants deny that Plaintiffs have conclusively established that any Shein Defendant is subject to personal jurisdiction in this district. For purposes of this action only, each Shein Defendant does not contest personal jurisdiction over itself. Shein Defendants deny the remaining allegations of this paragraph, if any.

11.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants' conduct resulted in actionable conduct within this Judicial District, the harms and obligations sued upon were incurred and occurred in Los Angeles County, California, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

**RESPONSE TO PARAGRAPH 11:**

The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Shein Defendants deny that Plaintiffs have

4

ACTIVE 723067215

conclusively established that venue is proper as against any Shein Defendant. For purposes of this action only, each Shein Defendant does not contest venue. Shein Defendants deny the remaining allegations of this paragraph, if any.

## FACTUAL BACKGROUND

### Selena Quintanilla-Pérez

12.     Selena Quintanilla-Pérez was an American singer, songwriter, spokesperson, actress, and fashion designer commonly known as one of the most celebrated Latin American entertainers of the late 20th century.

**RESPONSE TO PARAGRAPH 12:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

13.     Plaintiff Q Productions is the owner of U.S. Trademark Registration Nos. 4,160,607, 5,522,456, and 5,993,615 as set forth on the Principal Register of the United States Patent and Trademark Office (the "USPTO") for the design plus word trademark "SELENA" (the "Selena Marks"). The Selena Marks are registered for, among other categories, "Footwear; Headwear; Headwear, namely, hats, caps, visors, bandanas; Loungewear; Outerwear, namely, coats, hats, jackets, gloves; Pants; Scarves; Shirts; Shirts and short-sleeved shirts; Shorts; Sweatshirts; Swimwear; Tank-tops; Tank tops; Underwear; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bottoms as clothing; Caps being headwear; Hooded sweatshirts; Sweat shirts; T-shirts; Tee shirts; Tops as clothing; Visors being headwear; Wearable garments and clothing, namely, shirts; Women's clothing, namely, shirts, dresses, skirts, blouses" and "Audio recording and production; Entertainment in the nature of visual and audio performances, namely, musical band, rock group, gymnastic, dance, and ballet performances; Entertainment Services namely, providing a web site featuring musical performances, musical videos, related film clips, photographs, and other multimedia materials; Fan clubs; Operation of a museum commemorating the life of Selena Quintanilla Perez."

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 13:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

14. Plaintiff Q Productions has continuously used the Selena Marks in commerce in connection with entertainment services and merchandise since at least as early as 1989.

**RESPONSE TO PARAGRAPH 14:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

15. Plaintiff Quintanilla is the registered property rights holder in and to the deceased Selena's name, voice, signature, photograph, and likeness in connection with products, merchandise, goods, and for the purposes of advertising, selling, and soliciting the purchase of products, goods, and services.

**RESPONSE TO PARAGRAPH 15:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

16. Over the years, Plaintiffs, by and through Selena's name, voice, signature, photograph, and likeness, have selectively endorsed and continue to selectively endorse a variety of products and services, including clothing and fashion accessories.

**RESPONSE TO PARAGRAPH 16:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

17. Plaintiffs have invested substantial time, energy, finances, and entrepreneurial effort in developing and fostering the reputation and legacy of Selena, her popularity, fame, and prominence in the public eye.

**RESPONSE TO PARAGRAPH 17:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

ACTIVE 723067215

18. Selena's name, voice, signature, photograph, likeness, and persona have come to be associated in the minds of the consuming public with products and services, including apparel products and entertainment services.

**RESPONSE TO PARAGRAPH 18:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

19. Selena's name, voice, signature, photograph, likeness, and persona have become widely known to a sizeable segment of the public in the United States and internationally, and thereby have become, and are, valuable commercial assets that symbolize Selena and the level of quality associated with Selena products, services, and the goodwill that is associated with them.

**RESPONSE TO PARAGRAPH 19:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

20. Plaintiffs regularly receive substantial financial offers requesting permission for, and seeking the use of, Selena's name, voice, signature, photograph, likeness, and persona, including for licensing, endorsing, marketing, and promoting products and services.

**RESPONSE TO PARAGRAPH 20:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

21. Plaintiffs maintain strict control over the manner and use of Selena's name, voice, signature, photograph, likeness, and persona. Plaintiffs exercise careful consideration in selecting and approving products and services that they will permit to use Selena's name, voice, signature, photograph, likeness, and persona. Plaintiffs restrict such use and licensing to products and services that are of acceptably high quality to Plaintiffs and for which compensation is commensurate with the exploitation and value thereof.

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 21:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

### Defendants' Infringing Activities

22. Upon information and belief, Defendants collectively operate as an integrated enterprise engaged in the design, manufacture, marketing, promotion, distribution, and sale of fashion apparel and related merchandise, including through the website https://us.shein.com and various social media platforms.

**RESPONSE TO PARAGRAPH 22:**

Denied.

23. Defendants sell their products directly to consumers via their website and further distribute and authorize the sale of their products through various third-party retailers located throughout the United States, including in Los Angeles, California.

**RESPONSE TO PARAGRAPH 23:**

Shein Defendants admit that certain products on the website us.shein.com are offered for sale by SDC, but deny that any of the products at issue in this case were offered for sale by any of the Shein Defendants. Shein Defendants deny the remaining allegations in this paragraph.

24. Defendants advertise and promote their products on various social media platforms, including but not limited to Instagram and Twitter (now known as X).

**RESPONSE TO PARAGRAPH 24:**

Shein Defendants admit that certain products are promoted on social media but deny that any of the products at issue in this case were promoted by the Shein Defendants on social media.

25. Defendants have designed, manufactured, marketed, promoted, and authorized for sale, among other products, t-shirts and other merchandise featuring the name, likeness, identity, and persona of Selena, as well as unauthorized uses of the Selena Marks (the

8

ACTIVE 723067215

"Infringing Products"). The Infringing Products include, but are not limited to, countless t-shirts and related merchandise featuring Selena's likeness and infringing the Selena Marks.

**RESPONSE TO PARAGRAPH 25:**

Denied.

26.    The Infringing Products are advertised and promoted by Defendants through the use of Selena's name, likeness, identity, and persona, in addition to famous slogans associated with Selena.

**RESPONSE TO PARAGRAPH 26:**

Denied.

27.    The Infringing Products have received attention and interest from the media and market and the consuming public as a direct and proximate result of Defendants' unlawful use and misappropriation of Selena's name, likeness, identity, and persona, and infringement of the Selena Marks.

**RESPONSE TO PARAGRAPH 27:**

Denied.

28.    The Infringing Products continue to be manufactured, marketed, promoted, and offered for sale in the State of California and throughout the United States.

**RESPONSE TO PARAGRAPH 28:**

Denied.

29.    Plaintiffs did not authorize Defendants, or any of them, to use Selena's name, likeness, identity, or persona, or the Selena Marks, in connection with the Infringing Products, or otherwise.

**RESPONSE TO PARAGRAPH 29:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

30.    Plaintiffs were not contacted by Defendants to seek or obtain permission, nor were Plaintiffs compensated by Defendants, for the use of Selena's name, likeness, identity, or persona, or the Selena Marks.

9

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 30:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

31.    The use of Selena's name, likeness, identity, or persona, and the Selena Marks, by Defendants was, and is, in conscious disregard of Plaintiffs' rights of publicity and trademark rights, and of Plaintiffs' exclusive right to control the use and exploitation of Selena's name, likeness, identity, or persona, and the Selena Marks.

**RESPONSE TO PARAGRAPH 31:**

Denied.

**Notice of Infringement**

32.    On or about August 1, 2025, Plaintiffs caused to have delivered to Defendants a cease and desist letter highlighting Plaintiffs' longstanding and extensive use of the Selena Marks and rights of publicity, as well as the nature of Defendants' infringement and misappropriation, demanding that Defendants cease and desist any future use of the Selena Marks and Selena's name, likeness, identity, or persona ("Plaintiffs' Cease & Desist Letter"). A true and correct copy of Plaintiffs' Cease & Desist Letter is attached hereto as **Exhibit "A".**

**RESPONSE TO PARAGRAPH 32:**

The allegations of this paragraph purport to refer to a document, which speaks for itself. Shein Defendants deny the remaining allegations in this paragraph.

33.    Despite the delivery of Plaintiffs' Cease & Desist Letter, Defendants did not cease their infringement and misappropriation.

**RESPONSE TO PARAGRAPH 33:**

Denied.

34.    Instead, Defendants are continuing the unlawful marketing, promotion, distribution, and displaying of the Infringing Products through the unauthorized use of the Selena Marks and Selena's name, likeness, identity, and persona.

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 34:**

Denied.

35. To date, Defendants continue to willfully and unlawfully exploit Plaintiffs' Selena Marks and rights of publicity in commerce against the express demands by Plaintiffs to cease and desist such use.

**RESPONSE TO PARAGRAPH 35:**

Denied.

36. Defendants' wrongful and willful actions in the infringement of Plaintiffs' proprietary rights in the Selena Marks and Selena's name, likeness, identity, and persona have caused substantial injury to Plaintiffs.

**RESPONSE TO PARAGRAPH 36:**

Denied.

37. A composite compilation of evidence documenting the Infringing Activities, including screenshots of Defendants' website featuring unauthorized uses of the Selena Marks and Selena's name, likeness, identity, and persona on merchandise such as t-shirts, is attached hereto as composite **Exhibit "B"**.

**RESPONSE TO PARAGRAPH 37:**

Denied.

38. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

**RESPONSE TO PARAGRAPH 38:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

**(By Plaintiff Q Productions Against All Defendants)**

39. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

11

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 39:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

40.    The use in commerce by Defendants of the Selena Marks has been without the consent of Plaintiff Q Productions, the owner and registrant of U.S. Trademark Registration Nos. 4,160,607, 5,522,456, and 5,993,615, in violation of 15 U.S.C. § 1114.

**RESPONSE TO PARAGRAPH 40:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

41.    The use in commerce of, among other things, Defendants' website and various social media accounts, is also confusingly similar to Plaintiff Q Productions' Selena Marks, and such use has been without the consent of Plaintiff Q Productions.

**RESPONSE TO PARAGRAPH 41:**

Denied.

42.    Defendants' promotion and sale of merchandise through the use of the Selena Marks has been without the consent of Plaintiff Q Productions.

**RESPONSE TO PARAGRAPH 42:**

Denied.

43.    Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks, which are colorable imitations, counterfeits, copies, or confusingly similar to Plaintiff Q Productions' Selena Marks, are likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114, and they have caused such confusion.

**RESPONSE TO PARAGRAPH 43:**

Denied.

44.    Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks have caused substantial confusion and mistake, and have deceived customers of Plaintiff Q Productions, potential customers of Plaintiff Q Productions, and others seeking

12

ACTIVE 723067215

services from Plaintiff Q Productions, nationwide, and particularly in California, in violation of 15 U.S.C. § 1114.

**RESPONSE TO PARAGRAPH 44:**

Denied.

45. Plaintiffs placed Defendants on formal notice of Plaintiff Q Productions' ownership of the Selena Marks as early as August 1, 2025, by letter. Nevertheless, Defendants have continued to offer the Infringing Products in commerce using the Selena Marks.

**RESPONSE TO PARAGRAPH 45:**

Denied.

46. By and through the aforementioned formal notice, Defendants were afforded the opportunity to purge themselves of the actions which they have conducted. Nevertheless, Defendants have failed to take the remedial actions reasonably requested by Plaintiffs to end such willful infringement.

**RESPONSE TO PARAGRAPH 46:**

Denied.

47. In view of the foregoing, Defendants have and continue to willfully infringe Plaintiff Q Productions' Selena Marks, whereby Plaintiff Q Productions is entitled to damages, including Defendants' profits, other damages sustained by Plaintiff Q Productions, the costs of this action, and reasonable attorneys' fees, as set forth in 15 U.S.C. § 1117.

**RESPONSE TO PARAGRAPH 47:**

Denied.

48. Defendants' wrongful acts threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, pursuant to 15 U.S.C. § 1116.

**RESPONSE TO PARAGRAPH 48:**

Denied.

13

**COUNT II**

**VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125)**

**(By Plaintiff Q Productions Against All Defendants)**

49.   Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

**RESPONSE TO PARAGRAPH 49:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

50.   Defendants' use in commerce of Plaintiff Q Productions' exact Selena Marks in connection with the provision of Defendants' goods and services has caused substantial confusion and is likely to continue to cause confusion and mistake, and to deceive, and to make consumers mistakenly believe that such goods and services are Plaintiff Q Productions' goods, or that such goods and services are sponsored by, approved by, or somehow connected with Plaintiff Q Productions, with consequent injury to Plaintiff Q Productions and to consumers of Plaintiff Q Productions' goods and services.

**RESPONSE TO PARAGRAPH 50:**

Denied.

51.   The aforesaid infringements of Plaintiff Q Productions' Selena Marks by Defendants have caused readily identifiable confusion nationwide and are likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Q Productions, or as to the origin, sponsorship, or approval of the goods, services, or commercial activities of Defendants by Plaintiff Q Productions, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**RESPONSE TO PARAGRAPH 51:**

Denied.

52.   The aforesaid acts of Defendants were undertaken with knowledge of Plaintiff Q Productions' prior trademark rights in the Selena Marks.

14

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 52:**

Denied.

53.     Plaintiff Q Productions has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' aforementioned acts, and has further suffered monetary damages in an amount to be determined at trial.

**RESPONSE TO PARAGRAPH 53:**

Denied.

54.     Defendants' wrongful acts entitle Plaintiff Q Productions to damages and injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1117.

**RESPONSE TO PARAGRAPH 54:**

Denied.

55.     Plaintiff Q Productions has no adequate remedy at law.

**RESPONSE TO PARAGRAPH 55:**

Denied.

**COUNT III**

**FEDERAL TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)**

**(By Plaintiff Q Productions Against All Defendants)**

56.     Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

**RESPONSE TO PARAGRAPH 56:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

57.     The Selena Marks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c), having achieved widespread recognition and association with Selena's legacy, products, and services.

15

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 57:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

58.    Selena is a cultural icon whose name and likeness are instantly recognizable to millions of consumers, with a dedicated museum, fan clubs, and decades of commercial success in apparel and entertainment merchandising.

**RESPONSE TO PARAGRAPH 58:**

Shein Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations therein.

59.    Defendants' unauthorized use of the Selena Marks and confusingly similar marks in commerce dilutes the distinctive quality of the Selena Marks by blurring and/or tarnishment, in violation of 15 U.S.C. § 1125(c).

**RESPONSE TO PARAGRAPH 59:**

Denied.

60.    Defendants' dilution of the Selena Marks has been willful, as evidenced by their continued infringement after receipt of Plaintiffs' Cease & Desist Letter.

**RESPONSE TO PARAGRAPH 60:**

Denied.

61.    As a result, Plaintiff Q Productions has suffered and will continue to suffer irreparable harm, and is entitled to injunctive relief, damages, and other remedies under 15 U.S.C. § 1125(c) and § 1117.

**RESPONSE TO PARAGRAPH 61:**

Denied.

**COUNT IV**

**COMMON LAW UNFAIR COMPETITION**

**(By Plaintiff Q Productions Against All Defendants)**

62.    Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

16

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 62:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

63.     The use of the Selena Marks by Defendants has caused substantial confusion and is likely to continue to cause confusion between Defendants and/or their activities and Plaintiff Q Productions and its activities nationwide, and such use by Defendants infringes the valuable common law rights of Plaintiff Q Productions in its Selena Marks.

**RESPONSE TO PARAGRAPH 63:**

Denied.

64.     Defendants' aforesaid activities also constitute unfair competition with Plaintiff Q Productions by creating confusion as to the source or sponsorship of the goods and services of Defendants and misappropriates the fine reputation and goodwill of Plaintiff Q Productions in its Selena Marks, thereby injuring that reputation and goodwill, and diverting from Plaintiff Q Productions the benefits and goodwill arising therefrom.

**RESPONSE TO PARAGRAPH 64:**

Denied.

65.     Defendants' wrongful acts have damaged Plaintiff Q Productions in an amount to be determined at the time of trial.

**RESPONSE TO PARAGRAPH 65:**

Denied.

66.     Defendants have been on actual notice of Plaintiff Q Productions' marks and registrations and have acted willfully in infringing, and continuing to infringe, Plaintiff Q Productions' Selena Marks, thereby entitling Plaintiff Q Productions to actual and punitive damages, in an amount to be proven at trial.

**RESPONSE TO PARAGRAPH 66:**

Denied.

17

ACTIVE 723067215

67. Defendants' wrongful acts have irreparably injured Plaintiff Q Productions, and threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, as Plaintiff Q Productions has no adequate remedy at law.

**RESPONSE TO PARAGRAPH 67:**

Denied.

## COUNT V

## VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY

### (By Plaintiff Quintanilla Against All Defendants)

68. Plaintiff Quintanilla repeats and re-alleges each and every allegation contained in Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

**RESPONSE TO PARAGRAPH 68:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

69. In doing the acts alleged herein, Defendants have used for commercial purposes Selena's name, likeness, identity, or persona without Plaintiff Quintanilla's consent.

**RESPONSE TO PARAGRAPH 69:**

Denied.

70. The commercial use and misappropriation of Selena's name, likeness, identity, or persona is a violation of California's common law right of publicity.

**RESPONSE TO PARAGRAPH 70:**

Denied.

71. As a proximate result of Defendants' acts alleged herein, Plaintiff Quintanilla has suffered and will continue to suffer damages in an amount to be proven at trial.

**RESPONSE TO PARAGRAPH 71:**

Denied.

18

72.     Defendants' wrongful acts have irreparably injured Plaintiff Quintanilla, and threaten to continue to irreparably injure Plaintiff Quintanilla, unless and until said acts are enjoined by this Court, as Plaintiff Quintanilla has no adequate remedy at law.

**RESPONSE TO PARAGRAPH 72:**

Denied.

## COUNT VI

## VIOLATION OF CALIFORNIA STATUTE RIGHT OF PUBLICITY

## (CIVIL CODE § 3344.1)

**(By Plaintiff Quintanilla Against All Defendants)**

73.     Plaintiff Quintanilla repeats and re-alleges each and every allegation contained in Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

**RESPONSE TO PARAGRAPH 73:**

To the extent this paragraph requires a response, Shein Defendants repeat and incorporate by reference their responses to all prior allegations contained in the Complaint as if fully set forth herein.

74.     In doing the acts alleged herein, Defendants have knowingly, willfully, and unlawfully used and misappropriated Selena's name, likeness, identity, or persona in connection with the exploitation and promotion of the Infringing Products for their own commercial purposes.

**RESPONSE TO PARAGRAPH 74:**

Denied.

75.     Defendants' misappropriation of Selena's name, likeness, identity, or persona for their own commercial purposes is a violation of California Civil Code § 3344.1.

**RESPONSE TO PARAGRAPH 75:**

Denied.

76.     As a result of Defendants' actions, Plaintiff Quintanilla has suffered, and will continue to suffer, damages in an amount to be proven at trial.

19

ACTIVE 723067215

**RESPONSE TO PARAGRAPH 76:**

Denied.

77.    Defendants' wrongful acts have irreparably injured Plaintiff Quintanilla, and threaten to continue to irreparably injure Plaintiff Quintanilla, unless and until said acts are enjoined by this Court, as Plaintiff Quintanilla has no adequate remedy at law.

**RESPONSE TO PARAGRAPH 77:**

Denied.

## RESPONSE TO PRAYER FOR RELIEF

Shein Defendants deny that Plaintiffs are entitled to any of the relief requested by the Complaint, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Shein Defendants assert the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. Shein Defendants do not assume the burden of proof on any such defenses, except as required by the applicable law with respect to the particular defense asserted. Shein Defendants reserve the right to assert other defenses and/or to otherwise supplement or amend their Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiffs' Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Shein Defendants.

## SECOND DEFENSE

### (Invalidity of Asserted Trademark)

Plaintiffs' claims against Shein Defendants are barred, in whole or in part, to the extent that Plaintiff's asserted trademark is invalid, including, *inter alia*, to the extent that

20

ACTIVE 723067215

the asserted trademark lacks distinctiveness and/or has been abandoned through nonuse and/or naked licensing.

## THIRD DEFENSE

### (Laches, Implied License, Estoppel, Acquiescence, Waiver)

Plaintiffs' claims and remedies are barred in whole or in part by the doctrines of laches, implied license, estoppel, acquiescence, and/or waiver.

## FOURTH DEFENSE

### (Failure to Mitigate)

On information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate any alleged damages

## FIFTH DEFENSE

### (Innocent Intent)

Plaintiffs' damages, if any, are limited because Shein Defendants were not aware and had no reason to believe that their acts constituted an infringement of Plaintiffs' trademarks and/or rights of publicity.

## SIXTH DEFENSE

### (Contribution)

Plaintiffs' damages, if any, are limited to the extent caused by or attributable to the actions of people or entities other than Shein Defendants.

## SEVENTH DEFENSE

### (Bona Fide Efforts)

Plaintiffs' claims against Shein Defendants are barred, in whole or in part, to the extent Shein Defendants engaged in bona fide efforts to stop any allegedly infringing acts of third parties, including by promptly removing allegedly infringing product listings by third parties of which Shein Defendants were provided notice.

//

21

ACTIVE 723067215

## EIGHTH DEFENSE

### (Statutory and/or Punitive Damages Limited)

Plaintiffs' statutory damages, if existent and permitted, are limited by, *inter alia*, the Due Process Clause of the United States Constitution, the applicable law of the Ninth Circuit, the Central District of California, and the State of California, and/or to the extent they do not bear a reasonable relationship to actual damages.

## NINTH DEFENSE

### (Trademark-Related Damages Limited)

Plaintiffs' damages for alleged trademark infringement and ancillary claims, if existent and permitted, are limited by, *inter alia*, Plaintiffs' failure to provide notice of registration pursuant to 15 U.S.C. § 1111.

## TENTH DEFENSE

### (No Injunctive Relief)

Plaintiffs are not entitled to injunctive relief, because, without limitation, any alleged injury to Plaintiffs is theoretical, speculative, not immediate or irreparable, and because Plaintiffs have an adequate remedy at law, the hardship that would be imposed on Shein Defendants by such relief would be greatly disproportionate to any hardship that Plaintiffs might suffer in its absence, and/or public policy concerns weigh against any injunctive relief.

## ELEVENTH DEFENSE

### (First Sale Doctrine)

To the extent the products at issue bear genuine marks and/or were originally licensed or otherwise authorized by Plaintiffs and subsequently listed for sale by third parties on SHS's marketplace, Plaintiffs' claims are barred, in whole or in part, under the first sale doctrine.

## TWELFTH DEFENSE

### (Fair Use)

Plaintiffs' claims are barred, in whole or in part, under the doctrine of fair use.

22

ACTIVE 723067215

## THIRTEENTH DEFENSE

### (Communications Decency Act, 47 U.S.C. § 230)

Plaintiffs' claims are barred, in whole or in part, by Section 230 of the Communications Decency Act.

### SHEIN DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Shein Defendants respectfully request that this Court enter a judgment in favor of the Shein Defendants and against Plaintiffs as follows:

(a)     That the Court find against Plaintiffs and for Shein Defendants on all counts in Plaintiffs' Complaint;

(b)     That the Court find against Plaintiffs and for Shein Defendants on all Defenses;

(c)     That the Court deny Plaintiff any and all of its requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;

(d)     That Shein Defendants be awarded their attorneys' fees and costs as allowed by law; and

(e)     That Shein Defendants be awarded such further legal and equitable relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Shein Defendants hereby demand a trial by jury in this action on all issues triable by jury.

Dated:  May 6, 2026                    GREENBERG TRAURIG, LLP


By:  /s/ David H. Marenberg
                     David H. Marenberg
                     Attorneys for Defendants Shein Distribution
                     Corporation, Shein US Services, LLC, and Shein
                     Technology, LLC

23

ACTIVE 723067215