**SINGH, SINGH & TRAUBEN, LLP**
**Thomas K. Richards** (SBN: 310209)
  trichards@singhtraubenlaw.com
**Justin R. Trauben** (SBN: 278705)
  jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

**GREENBERG TRAURIG, LLP**
Valerie W. Ho (SBN: 200505)
  Valerie.Ho@gtlaw.com
David H. Marenberg (SBN: 329954)
  MarenbergD@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Tel: 310.586.7700

*Attorneys for Plaintiffs*
Q PRODUCTIONS, LLC and
SUZETTE QUINTANILLA

*Attorneys for Defendants*
SHEIN DISTRIBUTION CORPORATION,
SHEIN US SERVICES, LLC, and SHEIN
TECHNOLOGY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q PRODUCTIONS, LLC, a Texas limited liability company, and SUZETTE QUINTANILLA, an individual,<br><br>              Plaintiffs,<br><br>       v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, a Delaware limited liability company, and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>              Defendants. | ) Case No.: 2:26-cv-02588-JFW (ACCVx)<br>)<br>) Honorable John F. Walter<br>) Courtroom 7A<br>)<br>) **JOINT RULE 26(f) REPORT**<br>)<br>) **Scheduling Conference**<br>)<br>) **Date**:    June 22, 2026<br>) **Time**:   1:15 p.m.<br>) **Place**:  Courtroom 7A<br>)<br>) Complaint Filed:          March 11, 2026<br>) First Amended Complaint: May 27, 2026<br>)<br>)<br>)<br>) |

1

ACTIVE 724725825v2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Scheduling Conference dated May 6, 2026 [ECF 23], Plaintiffs Q Productions, LLC ("**Q Productions**") and Suzette Quintanilla ("**Quintanilla**") (collectively, "**Plaintiffs**") and Defendants Shein Distribution Corporation, Shein US Services, LLC, and Shein Technology LLC (collectively, "**Defendants**") (together with Plaintiffs, the "**Parties**"), by and through their respective counsel of record, having conducted the conference of counsel required by Rule 26(f), hereby respectfully submit the following Joint Rule 26(f) Report.

**1.     Jurisdiction, Venue, and Service**

**(a)     Subject Matter Jurisdiction**. This Court has original subject-matter jurisdiction over Plaintiffs' federal trademark and Lanham Act claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1114 and 1125, and supplemental jurisdiction over Plaintiffs' California state-law claims under 28 U.S.C. § 1367(a).

**(b)     Personal Jurisdiction**. Plaintiffs allege that this Court has personal jurisdiction over each Defendant because each Defendant is registered to do business in California, maintains its principal place of business in Los Angeles, California, and has marketed, promoted, sold, and distributed the goods at issue in this Judicial District. For the purposes of this litigation only, and without conceding the allegations, Defendants have not contested personal jurisdiction.

**(c)     Venue**. Plaintiffs allege that venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Defendants have not contested venue.

**(d)     Service of Process**. All three Defendants have been served and have appeared in this action. Plaintiffs filed proofs of service of the initial Complaint on March 26, 2026 [ECF 11, 12, 13]. Defendants filed their Answer to the Initial Complaint on May 6, 2026 [ECF 20]. No parties remain to be served.

ACTIVE 724725825v2

## 2.    Statement of the Case

### (a)    Plaintiffs' Statement

Plaintiff Q Productions, LLC is the current owner of U.S. Trademark Registration Nos. 5,522,456 (registered July 24, 2018) and 7,671,743 (registered January 28, 2025) (collectively, the "**Selena Marks**"). These registrations cover the stylized "SELENA" cursive-script mark (and, in the case of the '743 registration, the cursive-script mark with a heart design) for apparel, including shirts and T-shirts, in International Class 25, and for bags in International Class 18. The Selena Marks are associated with the legacy of the late Selena Quintanilla-Pérez ("**Selena**"). Plaintiff Suzette Quintanilla, the sole member and owner of Q Productions, is the registered successor-in-interest to Selena's name, voice, signature, photograph, and likeness.

Plaintiffs allege that Defendants operate as an integrated enterprise that owns, controls, and monetizes the Shein Marketplace at us.shein.com. Defendants onboard and monitor third-party merchants, host and surface product listings, control search, recommendation, and advertising features, process payments, and retain a percentage of revenue from sales made through the platform. Through this marketplace and related channels, Defendants have facilitated, hosted, promoted, and profited from the offering and sale of apparel and merchandise—including T-shirts—bearing the Selena Marks and unauthorized uses of Selena's name, likeness, identity, and persona (the "Infringing Products"), without authorization from either Plaintiff.

On or about August 1, 2025, Plaintiffs delivered a cease-and-desist letter to Defendants demanding that they immediately cease all unauthorized use of the Selena Marks and Selena's name, likeness, identity, and persona. Plaintiffs subsequently provided Defendants with notice of additional specific infringing listings on the Shein Marketplace. Despite receiving actual knowledge of specific instances of infringement, Defendants did not cease their activities. Instead, they continued to host, display, surface, recommend, promote, fulfill, and profit from the Infringing Products on the Shein Marketplace,

ACTIVE 724725825v2

including through the same or substantially similar channels previously identified to them.

Plaintiffs assert seven causes of action in the First Amended Complaint: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) contributory and vicarious federal trademark infringement under 15 U.S.C. § 1114; (3) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (4) federal trademark dilution under 15 U.S.C. § 1125(c); (5) California common law unfair competition; (6) violation of the California common law right of publicity; and (7) violation of California Civil Code § 3344.1. Plaintiffs seek permanent injunctive relief, Defendants' profits, Plaintiffs' actual damages, trebled and enhanced damages, statutory damages where applicable, punitive damages, attorneys' fees and costs, restitution, and destruction or impoundment of all infringing materials.

**(b)     Defendants' Statement**

Defendants deny Plaintiff's allegations in the First Amended Complaint ("FAC"), which assert legally unsupported claims based on products listed and sold by third-party sellers on the SHEIN Marketplace. SHEIN is a global lifestyle and fashion ecommerce company offering an expansive range of apparel, accessories, and other products. Defendant Shein US Services LLC ("SHS") operates the SHEIN Marketplace on https://us.shein.com, where independent sellers list and sell products directly to consumers. While Defendant Shein Distribution Corporation ("SDC") is a retailer that sells products on the SHEIN Marketplace, SDC's products are not at issue in the FAC. Instead, the FAC accuses products listed by third-party merchants on the SHEIN Marketplace of infringement. Defendant Shein Technology LLC ("Shein Technology") is an internal service provider, does not sell products and has no alleged role in this lawsuit.

The FAC alleges that infringing products were sold by third-party sellers. Specifically, Plaintiffs allege that "[t]hird-party merchants" sold t-shirts on the SHEIN Marketplace (the "Products at Issue") that infringe two of Plaintiffs' registered trademarks and violated publicity rights of the deceased singer-songwriter Selena, rights allegedly

ACTIVE 724725825v2

acquired by Plaintiffs through assignment. Sales of the Products at Issue through SHS's platform totaled approximately less than $25,000 and SHS's profits (based on its role as a service provider facilitating these third-party sales) were a small fraction of that amount. Plaintiffs' recovery in this case is likely zero or *de minimis* at best, as Plaintiffs do not allege that Defendants sold any of Products at Issue and instead seek to hold Defendants liable for facilitating online third-party sales. Contrary to Plaintiff's assertions, online marketplaces like SHEIN are generally not held liable for user infringement – indeed, a court in this judicial district recently dismissed similar claims against Defendants for direct and secondary liability based on allegedly infringing products sold by third-party sellers on the SHEIN Marketplace. *See Starship LLC v. Shein Distrib. Corp.*, 2026 U.S. Dist. LEXIS 65013, at *6 (C.D. Cal. Mar. 20, 2026) (ruling that "online marketplaces 'that facilitate sales for independent vendors generally escape Lanham Act liability'"); *see also Y.Y.G.M. SA v. Redbubble, Inc.,* 75 F.4th 995, 1002-03 (9th Cir. 2023) (requiring "awareness of specific instances of infringement or specific infringers" to impose trademark liability on an operator of an online marketplace).

Here, Plaintiffs do not assert a viable theory for direct liability because Defendants did not manufacture or sell the alleged products, and allegations "based on pricing, search functionality, order fulfillment," and the like are merely "consistent with Defendants' operation of an online marketplace" and thus insufficient to establish direct infringement. *Starship*, 2026 U.S. Dist. LEXIS 65013, at *8.

Nor do Plaintiffs allege a plausible claim for secondary liability. The FAC alleges a single notice sent in August 2025 that attached a single product listing and search results that failed to identify the specific listings claimed to be infringing or unauthorized. Despite the incomplete information provided, SHEIN took down these third-party listings. Not surprisingly, the FAC does not specifically allege that Defendants failed to remove a particular listing that was identified in this notice. *See Starship*, 2026 U.S. Dist. LEXIS 65013, at *11 (a service provider must have "contemporary knowledge of which particular

ACTIVE 724725825v2

listings are infringing" to be contributorily liable). Plaintiffs also cannot allege a claim for vicarious liability based on Defendants' purported "control over the Shein Marketplace," which does not establish that Defendants had the "requisite control" over third-party sellers. *See id.* at *13 (citing *Y.Y.G.M. SA v. Redbubble, Inc.*, 2020 WL 3984528, at *9 (C.D. Cal. July 10, 2020), ruling that for defendant to be held liable it must "take[] some action with regard to the infringing products beyond the uniform steps it takes to maintain its marketplace generally").

Finally, Plaintiffs' state law claims for misappropriation, unfair competition, and right of publicity claims are barred under § 230 of the Communications Decency Act. 47 U.S.C. § 230. *See Starship*, 2026 U.S. Dist. LEXIS 65013, at *15 (dismissing state law claim under "Section 230 [which] shields interactive service providers from liability, including under state intellectual-property laws, for content created by third parties," including product listings where Defendants did not "create or sell the infringing products"); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118-19 (9th Cir. 2007) (holding § 230 barred state law right of publicity claim).

### 3.　Disputed Points of Law

**(a)** The principal disputed points of law include: (i) whether Defendants are directly, contributorily, or vicariously liable for trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); (ii) whether Defendants are liable under California common law and Civil Code § 3344.1 for unauthorized commercial use of Selena's name, likeness, identity, and persona, and whether 47 U.S.C. § 230 immunizes Defendants from such claims; (iii) whether the Selena Marks are famous or Defendants' alleged use is likely to dilute the Selena Marks under 15 U.S.C. § 1125(c); (iv) whether Plaintiffs have been harmed, and Plaintiffs' entitlement to various alleged remedies; and (v) the proper measure of monetary recovery, including willfulness under 15 U.S.C. § 1117(b) and (c), statutory damages under 15 U.S.C. § 1117(c), and whether this is an exceptional case under 15 U.S.C. § 1117(a).

### 4.　Prior, Pending, and Anticipated Motions

ACTIVE 724725825v2

On April 22, 2026, the Parties stipulated to extend Defendants' time to respond to the initial Complaint [ECF 14, 18]. Defendants filed their Answer on May 6, 2026 [ECF 20]. On May 27, 2026, Plaintiffs filed their First Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) to substitute Q Productions, LLC as the trademark plaintiff, conform the asserted registrations, and expand the allegations and claims [ECF 25]. There are no pending motions. Plaintiffs do not currently anticipate filing any procedural motions but reserve the right to do so. Defendants also reserve the right to file any procedural or dispositive motions, including a motion for judgment on the pleadings and/or for summary judgment on issues of direct and indirect liability and immunity under section 230 of the Communications Decency Act.

**5.    Additional Parties, Claims, or Defenses and Deadline to Amend**

**(a)    *Plaintiffs***

Plaintiffs do not currently anticipate adding or dismissing any additional parties, claims, or defenses. Plaintiffs propose September 21, 2026 as the deadline for amending the pleadings.

**(b)    *Defendants***

Defendants are not aware of any parties that need to be added. Defendants propose August 21, 2026 as the last day to add parties.

**6.    Initial Disclosures**

As of the date of this Report, the Parties have not yet exchanged initial disclosures. The Parties have agreed to exchange them on June 11, 2026 (fourteen days after the Rule 26(f) conference) and will confirm compliance and describe the disclosures made at or before the Scheduling Conference.

**7.    Discovery**

**(a)    Discovery Taken to Date**

No formal written discovery has thus far been served.

**(b)    Scope of Anticipated Discovery**

ACTIVE 724725825v2

### (i) *Plaintiffs*

Plaintiffs anticipate that discovery will focus on Defendants' operation and control of the Shein Marketplace in connection with the Infringing Products. Key areas of inquiry will include: (i) Defendants' policies and practices for onboarding, monitoring, and removing third-party merchants and listings; (ii) Defendants' hosting, promotion, and monetization of listings using the Selena Marks or Selena's name, likeness, identity, or persona; (iii) Defendants' knowledge of specific infringing listings and their response to Plaintiffs' August 1, 2025 cease-and-desist letter and subsequent notices; (iv) Defendants' trademark monitoring, takedown, and repeat-infringer policies and practices; (v) Defendants' revenues and profits attributable to the Infringing Products; and (vi) evidence of consumer confusion.

Plaintiffs intend to serve written discovery and to take approximately 8-12 depositions, including Rule 30(b)(6) depositions of each Defendant entity, fact witness depositions, and targeted third-party discovery from retailers, platforms, manufacturers, and payment processors.

### (ii) *Defendants*

Defendants anticipate taking discovery in the following non-exhaustive areas of inquiry: (i) the registration and ownership of the alleged Selena Marks, and chain of title of Plaintiffs' alleged rights; (ii) Plaintiffs' efforts to police these rights; (iii) the adequacy of Plaintiffs' alleged takedown notice(s); (iv) the purported fame of the Selena Marks; (v) the nature and amount of any actual damages or harm alleged by Plaintiffs, including the terms of the licensing offers alleged in the FAC; (vi) the supply chains of the genuine merchandise that Plaintiffs allegedly endorse and authorize; (vii) Plaintiffs' sales, revenues, and profits of products incorporating the Selena Marks and Selena's alleged image and likeness; (viii) Plaintiffs' allegations of consumer confusion; (ix) Plaintiffs' marketing and advertising practices.

Defendants do not believe there is a basis to exceed 10 depositions per side, and that

ACTIVE 724725825v2

such a deviation from the Federal Rules of Civil Procedure would be premature and likely not proportional to the needs of the case, particularly given a low amount in controversy. Defendants do not believe that a deposition of Shein Technology, an entity towards which Plaintiffs direct no specific, non-conclusory allegations, is warranted.

**(c)     Modifications to Discovery Rules**

The Parties do not request changes to the timing, form, or requirement for disclosures under Rule 26(a) beyond those already stated above.

The Parties do not believe discovery should be bifurcated or conducted in phases or limited to particular issues at this time. The Parties reserve the right to seek phasing if appropriate as the case develops.

The Parties will meet and confer in good faith concerning a stipulated protective order governing the discovery and use of confidential information and will endeavor to file a stipulated protective order shortly after the Scheduling Conference. If agreement cannot be reached, the Parties will seek the Court's guidance.

The Parties will meet and confer in good faith concerning a stipulated ESI protocol addressing the preservation, collection, search, review, and production of electronically stored information. If agreement cannot be reached, the Parties will seek the Court's guidance.

The Parties are not aware at this time of any specific issues regarding claims of privilege or of protection as trial-preparation materials. The Parties intend to meet and confer regarding a stipulated order under Federal Rule of Evidence 502(d) addressing inadvertent production.

The Parties do not currently request other changes to the discovery limits under the Federal Rules of Civil Procedure and the Local Rules, except that Plaintiffs may seek by stipulation to modify the presumptive limit on interrogatories and to permit additional or longer depositions as the case progresses. In light of the Federal Rules of Civil Procedure limiting the scope of discovery on proportionality grounds, Defendants do not believe there

ACTIVE 724725825v2

is a reason to expand the presumptive limit on interrogatories, exceed 10 depositions per side, or permit longer depositions.

### (d) Discovery Plan (Rule 26(f))

Subject to the Court's calendar and preferences, the Parties propose the following case-management dates. The Parties reserve the right to seek modification by stipulation or motion upon a showing of good cause.

| Event | Proposed Date |
|---|---|
| Last Day to Add Parties / Amend Pleadings | August 21, 2026 |
| Mediation Completion Deadline | November 13, 2026 |
| Non-Expert Discovery Cut-Off | March 15, 2027 |
| Opening Expert Reports | April 12, 2027 |
| Rebuttal Expert Reports | May 17, 2027 |
| Expert Discovery Cut-Off | June 14, 2027 |
| Last Day to Hear Dispositive Motions | August 2, 2027 (Monday at 1:30 p.m.) |
| Final Pretrial Conference | October 5, 2027 (Monday) |
| Jury Trial | October 19, 2027 (Tuesday) |

### 8. Related Cases

The Parties are not aware of any related cases or proceedings pending before another judge of this Court, before another court, or before any administrative body.

### 9. Relief Sought and Damages

#### (a) *Plaintiffs*

Plaintiffs seek the relief set forth in the Prayer for Relief of the First Amended Complaint, including injunctive relief, Defendants' profits, Plaintiffs' actual damages

10

ACTIVE 724725825v2

(including lost profits and lost licensing fees), trebled and enhanced damages under 15 U.S.C. § 1117, statutory damages under 15 U.S.C. § 1117(c) where applicable, punitive damages, attorneys' fees and costs under 15 U.S.C. § 1117 and California Civil Code § 3344.1, and destruction or impoundment of infringing materials under 15 U.S.C. § 1118.

Plaintiffs cannot yet quantify their damages because Defendants have not produced sales and financial records. Plaintiffs intend to seek: (a) Defendants' gross revenues from the Infringing Products, less any deductions Defendants prove under 15 U.S.C. § 1117(a); (b) Plaintiffs' actual damages, including lost licensing fees and corrective advertising; (c) statutory damages under 15 U.S.C. § 1117(c), if applicable; (d) trebling under 15 U.S.C. § 1117; and (e) damages, restitution, and disgorgement under California Civil Code § 3344.1 and California common law. Plaintiffs will supplement their damages calculation upon receipt of Defendants' financial discovery.

**(b)    *Defendants***

Defendants seek an award of reasonable attorneys' fees and costs as allowed by law, including under 15 U.S.C. § 1117(a).

**10.    Interested Parties**

**(a)    *Plaintiffs***

Counsel for Plaintiffs restates the contents of Plaintiffs' Certification and Notice of Interested Parties [ECF 4] and certifies that the following persons or entities (other than counsel of record) may have a pecuniary interest in or could be substantially affected by the outcome of this action: Q Productions, LLC (Plaintiff); Suzette Quintanilla (Plaintiff and member of Q Productions, LLC).

**(b)    *Defendants***

Counsel for Defendants restates the contents of Defendants' Certification and Notice of Interested Parties [ECF 16] and certifies that the following persons or entities may have a pecuniary interest or could be substantially affected by the outcome of this case: Q Productions, LLC (Plaintiff); Q Productions, Inc. (a plaintiff previously named in the

ACTIVE 724725825v2

Complaint); Suzette Quintanilla (Plaintiff and member of Q Productions, LLC); Shein Distribution Corporation (Defendant and a corporation whose indirect operating parent is Roadget Business Pte. Ltd. ("Roadget")); Shein US Services, LLC (Defendant and a limited liability company whose indirect operating parent is Roadget; Shein Technology LLC (Defendant and a  limited liability company whose indirect operating parent is Roadget).

**11.    Case Schedule**

The Parties respectfully propose the case management dates set forth in Section 7(d) above.

**12.    Trial Estimate**

**(a)    *Plaintiffs***

Plaintiffs estimate a five (5) to seven (7) court-day jury trial, with approximately eight (8) to twelve (12) witnesses, including expert(s).

**(b)    *Defendants***

Defendants estimate a five-day jury trial on any issues triable by jury.

**13.    Settlement and Alternative Dispute Resolution**

The Parties have engaged in preliminary settlement discussions and have exchanged an offer and counteroffer. Pursuant to Local Rule 16-15.4, the Parties' ADR preference is ADR Procedure No. 3 (private mediation, at the Parties' shared expense), which the Parties believe offers the most efficient path to resolution.

Defendants contend the sales at issue are low and therefore believe an early mediation could conserve judicial resources and benefit both sides.

**14.    Manual for Complex Litigation**

The parties agree that the Manual for Complex Litigation should not be used in this case. The Parties further agree that this matter is not appropriate for the appointment of a Special Master pursuant to Federal Rule of Civil Procedure 53 or for the appointment of an independent scientific or technical expert.

ACTIVE 724725825v2

**15.     Dispositive Motions**

**(a)     Plaintiffs**

Plaintiffs anticipate the possibility of filing a motion for partial summary judgment following the close of fact discovery as to liability on one or more counts.

**(b)     Defendants**

Defendants anticipate filing a motion for judgment on the pleadings and/or for summary judgment on issues of liability and Communications Decency Act preemption.

**16.     Unusual legal Issues**

The Parties are not aware of any unusual legal issues other than those identified above.

**17.     Other Issues**

Severance, Bifurcation, and Ordering of Proof. The Parties do not currently propose severance, bifurcation, or other ordering of proof, but reserve the right to seek bifurcation of liability and damages or other phasing if appropriate as the case develops.

E-Mail Service. The Parties agree to serve and accept service of all documents in this action via email at the e-mail addresses set forth in the signature blocks below, in addition to service through the Court's CM/ECF system. Email service shall be treated as personal service for purposes of response deadline calculation.

ECF Registration. Plaintiffs' Lead Trial Counsel Michael A. Trauben has confirmed registration as an ECF User and his E-Mail Address of Record (mtrauben@singhtraubenlaw.com) [ECF No. 22]. Defendants' Lead Trial Counsel Valerie W. Ho has confirmed registration as an ECF User and her E-Mail Address of Record (Valerie.Ho@gtlaw.com) [ECF No. 21].

The Parties reserve the right to seek modifications to this Joint Report by stipulation or by motion upon a showing of good cause.

ACTIVE 724725825v2

**DATED**: JUNE 5, 2026          Respectfully submitted,

                                **SINGH, SINGH & TRAUBEN, LLP**
                                **THOMAS K. RICHARDS**


                                By:   */s/ Thomas K. Richards*
                                          Thomas K. Richards

                                ***Attorneys for Plaintiffs***
                                Q PRODUCTIONS, LLC *and*
                                SUZETTE QUINTANILLA


**DATED**: JUNE 5, 2026          Respectfully submitted,

                                **GREENBERG TRAURIG, LLP**


                                By:          */s/*
                                          Valerie W. Ho

                                ***Attorneys for Defendants***
                                SHEIN DISTRIBUTION CORPORATION,
                                SHEIN US SERVICES, LLC, and SHEIN
                                TECHNOLOGY LLC

14

ACTIVE 724725825v2

The undersigned hereby attests, pursuant to Local Rule 5-4.3.4(a)(2)(i), that all other listed signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

**DATED**: JUNE 5, 2026                    Respectfully submitted,

                                           **SINGH, SINGH & TRAUBEN, LLP**
                                           **THOMAS K. RICHARDS**


                                           By:  _/s/ Thomas K. Richards_
                                                Thomas K. Richards

                                           ***Attorneys for Plaintiffs***
                                           Q PRODUCTIONS, LLC *and*
                                           SUZETTE QUINTANILLA

15

ACTIVE 724725825v2