**SINGH, SINGH & TRAUBEN, LLP**
**THOMAS K. RICHARDS** (SBN: 310209)
trichards@singhtraubenlaw.com
**JUSTIN R. TRAUBEN** (SBN: 278705)
jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

***Attorneys for Plaintiffs***
Q PRODUCTIONS, LLC *and*
SUZETTE QUINTANILLA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Q PRODUCTIONS, LLC, a Texas limited liability company, and SUZETTE QUINTANILLA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, a Delaware limited liability company, and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: **2:26-cv-02588-JFW (ACCVx)**<br><br>Honorable John F. Walter<br>Courtroom 7A<br><br>**SECOND AMENDED COMPLAINT for:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2. **CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>3. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br>4. **CALIFORNIA COMMON LAW UNFAIR COMPETITION;**<br>5. **MISAPPROPRIATION OF RIGHT OF PUBLICITY (TEX. PROP. CODE § 26.001, *ET SEQ.*)** |

Plaintiffs Q Productions, LLC ("**Q Productions**") and Suzette Quintanilla ("**Quintanilla**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby file their Second Amended Complaint against defendants SHEIN DISTRIBUTION CORPORATION ("**Shein Distribution**"), SHEIN US SERVICES, LLC ("**Shein US Services**"), and SHEIN TECHNOLOGY LLC ("**Shein Technology**") (collectively, "**Defendants**") and, in support thereof, state as follows:

## NATURE OF ACTION

1. This is an action to remedy federal trademark infringement, false designation of origin and misrepresentation in commerce, unfair competition, and misappropriation of Selena's post-mortem rights of publicity under Chapter 26 of the Texas Property Code, caused by Defendants' infringement of Plaintiff Q Productions' valuable trademarks, including but not limited to "SELENA" and associated designs, and Defendants' unauthorized use and misappropriation of the name, likeness, identity, and persona of Selena Quintanilla-Pérez ("**Selena**").

## THE PARTIES

2. Plaintiff Q Productions is a Texas limited liability company with its principal place of business in Nueces County, Texas.

3. Plaintiff Quintanilla is the sole member and owner of Plaintiff Q Productions and is an individual citizen and resident of the State of Texas domiciled in Nueces County, Texas.

4. Upon information and belief, Defendant Shein Distribution is a Delaware corporation registered to do business in California, with its principal place of business in Los Angeles County, California.

5. Upon information and belief, Defendant Shein US Services is a Delaware limited liability company registered to do business in California, with its principal place of business in Los Angeles County, California.

6. Upon information and belief, Defendant Shein Technology is a Delaware limited liability company registered to do business in California, with its principal place

SINGH, SINGH & TRAUBEN, LLP

of business in Los Angeles County, California.

7. Upon information and belief, Defendants Shein Distribution, Shein US Services, and Shein Technology share a common indirect operating parent, Roadget Business Pte. Ltd.

8. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants shared at least one common officer, manager, director, or employee, including George Chiao. As alleged herein, Shein US Services operates us.shein.com, Shein Technology designs and operates information-technology systems used to host, translate, tag, rank, search, and display listings on that site, and Shein Distribution sells first-party goods on the same website and benefits from transactions conducted on that website. Each Defendant is alleged to be liable for the conduct described in this Second Amended Complaint that it performed. Plaintiffs allege in the alternative that Defendants operate as a single integrated enterprise with respect to that website.

## JURISDICTION AND VENUE

9. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. (the "**Lanham Act**"), and under related state law, including the common law of the State of California and Chapter 26 of the Texas Property Code, Tex. Prop. Code § 26.001, et seq.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1114 and 1125, as, among other things, Plaintiffs' causes of action arise under the Lanham Act. Further, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendants because Defendants are registered to do business in California, maintain offices in Los Angeles County, California, and have purposefully availed themselves of the jurisdiction of this Court by transacting business in this State. Defendants have marketed, promoted, and distributed goods and marketplace services in this State, including by operating us.shein.com and by displaying, ranking, and processing payment for listings of unauthorized Selena

merchandise to consumers in this District, and thereby maintain sufficient minimum contacts with this State to render the exercise of jurisdiction over Defendants by this Court permissible.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). Defendants reside in California for purposes of venue and maintain offices in Los Angeles County. A substantial part of the events giving rise to the claims occurred in this District, including Defendants' operation of us.shein.com and their display, ranking, and processing of payment for listings of unauthorized Selena merchandise offered to consumers in this District.

## FACTUAL BACKGROUND

### Selena Quintanilla-Pérez

13. Selena Quintanilla-Pérez was an American singer, songwriter, spokesperson, actress, and fashion designer commonly known as one of the most celebrated Latin American entertainers of the late 20th century.

14. Selena was born in Lake Jackson, Texas, lived and worked in Texas throughout her life, and died on March 31, 1995, domiciled in the State of Texas.

15. Plaintiff Q Productions, LLC is the current owner of the Selena Marks and the proper plaintiff with respect to the trademark claims asserted in this action. Plaintiff Q Productions, LLC acquired all right, title, and interest in and to U.S. Trademark Registration Nos. 5,522,456 and 7,671,743 (collectively, the "**Selena Marks**") on the Principal Register of the United States Patent and Trademark Office (the "**USPTO**"), as reflected in the USPTO's records of current ownership, by written assignment from Suzette Quintanilla dated as of April 21, 2025 and recorded with the USPTO on May 29, 2025. True and correct copies of the certificates of registration for the Selena Marks are attached hereto as composite **Exhibit "A"**.

16. U.S. Trademark Registration No. 5,522,456, registered July 24, 2018, covers the stylized SELENA cursive-script mark in International Classes 16, 18, 21, and 25, including, in International Class 25, "Footwear; Headwear; Headwear, namely, hats, caps,

visors, bandanas; Loungewear; Outerwear, namely, coats, hats, jackets, gloves; Pants; Scarves; Shirts; Shirts and short-sleeved shirts; Shorts; Sweatshirts; Swimwear; Tank-tops; Tank tops; Underwear; Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Bottoms as clothing; Caps being headwear; Hooded sweatshirts; Sweat shirts; T-shirts; Tee shirts; Tops as clothing; Visors being headwear; Wearable garments and clothing, namely, shirts; Women's clothing, namely, shirts, dresses, skirts, blouses," and, in International Class 18, "All-purpose athletic bags; All-purpose reusable carrying bags; Backpacks, book bags, sports bags, bum bags, wallets and handbags; Carry-all bags; Cosmetic bags sold empty; Drawstring bags; Duffel bags; Handbags, purses and wallets; Sling bags; Tote bags." The '456 registration claims a first use in commerce date of January 27, 1994.

17. U.S. Trademark Registration No. 7,671,743, registered January 28, 2025, covers the stylized SELENA cursive-script and heart design mark for "Shirts; T-shirts" in International Class 25 and "Carry-all bags; Drawstring bags" in International Class 18. The '743 registration claims a first use in commerce date of November 30, 2022.

18. Plaintiff Q Productions acquired all right, title, and interest in and to U.S. Trademark Registration No. 5,522,456 by written assignment dated as of April 21, 2025 and recorded with the USPTO on May 29, 2025, together with all goodwill associated therewith and all claims and causes of action for past, present, and future infringement of that registration. Plaintiff Q Productions further acquired all right, title, and interest in and to U.S. Trademark Registration No. 7,671,743 by written assignment, as reflected in the USPTO's records of current ownership, together with all goodwill associated therewith and all claims and causes of action for past, present, and future infringement of that registration. The USPTO's assignment records reflect a complete recorded chain of title for both registrations, including recordations at Reel/Frame 8729/0971 (recorded January 29, 2025) and Reel/Frame 8881/0766 (recorded May 29, 2025), and identify Q Productions LLC as the current owner of record.

19. Plaintiff Q Productions and its predecessors in interest have continuously

used the Selena Marks in commerce in connection with apparel and related merchandise since the respective dates of first use set forth on the Principal Register.

20. Plaintiff Quintanilla is the registered property rights holder in and to the deceased Selena's name, voice, signature, photograph, and likeness in connection with products, merchandise, goods, and for the purposes of advertising, selling, and soliciting the purchase of products, goods, and services.

21. Plaintiff Quintanilla has registered her claim to the property rights in Selena's name, voice, signature, photograph, and likeness with the Secretary of State of the State of Texas pursuant to Chapter 26 of the Texas Property Code.

22. Over the years, Plaintiffs, by and through Selena's name, voice, signature, photograph, and likeness, have selectively endorsed and continue to selectively endorse a variety of products and services, including clothing and fashion accessories.

23. Plaintiffs have invested substantial time, energy, finances, and entrepreneurial effort in developing and fostering the reputation and legacy of Selena, her popularity, fame, and prominence in the public eye.

24. Selena's name, voice, signature, photograph, likeness, and persona have come to be associated in the minds of the consuming public with products and services, including apparel products and entertainment services.

25. Selena's name, voice, signature, photograph, likeness, and persona have become widely known to a sizeable segment of the public in the United States and internationally, and thereby have become, and are, valuable commercial assets that symbolize Selena and the level of quality associated with Selena products, services, and the goodwill that is associated with them.

26. Plaintiffs regularly receive substantial financial offers requesting permission for, and seeking the use of, Selena's name, voice, signature, photograph, likeness, and persona, including for licensing, endorsing, marketing, and promoting products and services.

27. Plaintiffs maintain strict control over the manner and use of Selena's name,

voice, signature, photograph, likeness, and persona. Plaintiffs exercise careful consideration in selecting and approving products and services that they will permit to use Selena's name, voice, signature, photograph, likeness, and persona. Plaintiffs restrict such use and licensing to products and services that are of acceptably high quality to Plaintiffs and for which compensation is commensurate with the exploitation and value thereof.

**Defendants' Infringing Activities**

28. Upon information and belief, Defendants collectively operate the consumer-facing U.S. Shein business through the website https://us.shein.com (the "**Shein Marketplace**") and related mobile applications and social-media accounts. As alleged herein, Shein US Services provides the Shein Marketplace, Shein Distribution sells first-party retail goods on the same website, and Shein Technology provides information-technology systems through which listings on the Shein Marketplace are hosted, translated, tagged, ranked, searched, and displayed.

29. Separately from the merchant listings described herein, Defendants sell first-party retail goods under the Shein name directly to consumers on us.shein.com. That first-party channel is distinct from third-party merchant listings on the Shein Marketplace.

30. Defendants advertise and promote the Shein Marketplace on social-media platforms, including Instagram and X, and use those platforms to drive consumer traffic to us.shein.com.

31. Through the Shein Marketplace at us.shein.com, Defendants have advertised, indexed, ranked, recommended, offered for sale, processed payment for, and applied QuickShip and related fulfillment designations to t-shirts and related merchandise bearing the Selena Marks and/or Selena's name, photograph, likeness, identity, or persona (the "**Infringing Products**"). Representative Infringing Products include SKU st25071633586536429, listed by merchant xingm, as depicted in Exhibits "B" and "C". Plaintiffs do not presently allege that Defendants designed or manufactured every Infringing Product. Plaintiffs do allege that Defendants used the Selena Marks and Selena's identity in commerce in connection with the advertising, indexing, ranking,

recommendation, offering for sale, payment processing, and fulfillment of those products as set forth herein.

32. On August 1, 2025, Plaintiffs' Cease & Desist Letter attached a product-detail page from us.shein.com for an item titled "Excellent Selena Prez Inspired Men'S Black Cotton T-Shirt," SKU st25071633586536429, priced at $9.14, designated QuickShip, displaying Selena's photograph and the cursive Selena signature mark, and stating "Marketplace Sold by xingm" and "Ships from xingm US Warehouse," with xingm identified as a "3P Seller." The same letter attached Shein search results for "selena t shirt" returning multiple listings bearing the Selena Marks and Selena's likeness, including listings designated QuickShip.

33. On or about January 27, 2026, after the August 1, 2025 letter and after Plaintiffs' October 30, 2025 notice, a search of us.shein.com for the term "SELENA" returned Infringing Products across fifteen pages of Shein-generated results, sorted by Defendants' "Recommend" function. Those results, depicted in Exhibit C, included listings titled, among other things, "Selena Shirt Fashion," "Vintage Selena T," "SELENA Shirt – Selena Forever," "Selena Graphic," "1PC Selena Amor," "Selena Quintanilla," "Excellent Selena," "Selena Prez Inspired," "Selena Tribute," and "2025 Selena Forever." Many of those listings were designated "QuickShip" or "Local," displayed Shein "HOTSELLERS" badges and unit-sold counts (including 80+, 100+, and 200+ sold), and displayed Shein-generated "other sellers" tiles (including "10 other sellers," "17 other sellers," and "8 other sellers"). The same pages bear Defendants' SHEIN branding and footer, including "©2009-2026 SHEIN All Rights Reserved" and links for "Marketplace IP Rules" and "Sell on SHEIN."

34. Defendants displayed the Infringing Products on the Shein Marketplace using Selena's name, photograph, likeness, identity, and persona in product images and titles, and made the Selena Marks searchable text on us.shein.com, so that a consumer query for "SELENA" returned those listings.

35. As reflected in Exhibit "C", multiple Infringing Product listings displayed

Shein unit-sold counts of 80+, 100+, and 200+ and remained visible in Defendants' "SELENA" search results after Plaintiffs' written notices.

36. Defendants and the third-party merchants to whom Defendants provide onboarding, listing, search, promotion, payment, and fulfillment services marketed, promoted, offered for sale, and sold the Infringing Products in the State of California and throughout the United States, and continued to do so after each of Plaintiffs' written notices.

37. Plaintiffs did not authorize Defendants, or any of them, to use Selena's name, likeness, identity, or persona, or the Selena Marks, in connection with the Infringing Products, or otherwise.

38. Plaintiffs were not contacted by Defendants to seek or obtain permission, nor were Plaintiffs compensated by Defendants, for the use of Selena's name, likeness, identity, or persona, or the Selena Marks.

39. The use of Selena's name, likeness, identity, or persona, and the Selena Marks, by Defendants from at least August 1, 2025 through at least April 2026 was in conscious disregard of Plaintiffs' rights. Plaintiffs allege that residual listings, advertising feeds, cached pages, or re-listings using variant titles or tags continued thereafter.

**Defendants' Operation, Development, and Promotion of the Shein Marketplace and Its Listings**

40. Defendants, individually and collectively, own, operate, control, monetize, and promote the Shein Marketplace and the related sourcing, marketing, payment, fulfillment, and customer-service infrastructure through which the Infringing Products are offered, sold, marketed, advertised, shipped, and delivered to consumers throughout the United States, including in this Judicial District.

41. Defendants have described their respective roles as follows: Shein US Services provides the Shein Marketplace; Shein Distribution is a retailer that sells products directly to consumers on the Shein Marketplace, which Defendants state are products other than the Infringing Products; and Shein Technology provides information technology and

related corporate services to Shein Distribution.

42. Defendants exercise direct control over the Shein Marketplace and over each listing made available through it. Among other things, Defendants: (a) onboard, approve, monitor, and may suspend or terminate any third-party merchant permitted to list goods on the Shein Marketplace; (b) host, present, arrange, translate, and modify the listings, images, product descriptions, search terms, and other content for goods offered on the Shein Marketplace, including the Infringing Products; (c) categorize, tag, index, and surface listings through search, navigation, recommendation, ranking, and advertising features that Defendants design, operate, and control; (d) market and promote the Shein Marketplace and its listings to consumers, including through paid digital advertising, social-media campaigns, and influencer marketing; (e) process payments for sales transacted through the Shein Marketplace and retain a percentage of the revenue from each such sale; (f) provide or arrange fulfillment, warehousing, shipping, customer service, returns, and dispute resolution in connection with sales transacted through the Shein Marketplace; and (g) have the unilateral technical and contractual ability to demote, suspend, remove, or otherwise restrict access to any listing or merchant on the Shein Marketplace at any time.

43. Defendants alone control the visibility and ranking of listings offered through the Shein Marketplace. The Shein Seller's Marketplace Ranking Policy, which is incorporated by reference into the Shein Marketplace Agreement, prohibits third-party merchants from boosting or influencing the visibility of their offers or products through paid advertising. The order, prominence, and searchability of every listing on the Shein Marketplace, including each listing for the Infringing Products, is therefore determined by Defendants and not by the third-party merchant.

44. Defendants are information content providers within the meaning of 47 U.S.C. § 230(f)(3) with respect to the listings for the Infringing Products. Defendants do not merely host unmodified text and images supplied by third-party merchants. As alleged, Defendants translate merchant text into English, edit and standardize titles and

descriptions, select and attach search keywords and tags (including "Selena" and "Selena Quintanilla"), assign categories, compose the consumer-facing product-detail page, determine search ranking and recommendation placement, apply QuickShip and related badges, and transmit product advertising feeds to third-party advertising platforms and search engines. Those acts materially contribute to the content displayed to consumers. Defendants are therefore responsible for that content as developers, and 47 U.S.C. § 230(c)(1) does not bar Plaintiffs' claims.

45. Defendants' search, tag, recommendation, and QuickShip systems are not a general-purpose communications service. After Plaintiffs identified SKU st25071633586536429 and other Infringing Products in writing, Defendants continued to operate a search and "Recommend" function that, on January 27, 2026, returned fifteen pages of results for the query "SELENA," each result a commercial listing for apparel bearing the Selena Marks or Selena's photograph, many bearing Defendants' own QuickShip, Local, HOTSELLERS, sold-count, and "other sellers" designations.

46. Defendants do not merely host listings created by others. For listings offered through the Shein Marketplace, including the listings for the Infringing Products, Defendants themselves create, develop, and materially contribute to the content presented to consumers. Among other things, Defendants: (a) translate listing titles, descriptions, and other text supplied by merchants into English and other languages; (b) edit, reformat, standardize, and modify listing titles, descriptions, images, and other content; (c) select, attach, and modify search keywords, tags, and product categories for listings; (d) index, rank, recommend, and surface listings through search, navigation, and recommendation features that Defendants design, operate, and control; and (e) compose and present the product-detail pages on which the Infringing Products are offered for sale.

47. Defendants market and promote the Shein Marketplace and the listings offered through it as their own. Among other things, Defendants purchase and place digital advertising, promote the Shein Marketplace and its listings through Defendants' own social media accounts and influencer marketing campaigns, and generate and transmit

product advertising feeds to third-party advertising platforms and search engines.

48. Defendant Shein Distribution operates a first-party retail business on the same website and mobile application on which the Infringing Products were offered. Plaintiffs do not presently identify a first-party Shein Distribution SKU as an Infringing Product, except to the extent discovery shows Shein Distribution was the seller of record on any listing in Exhibits "B" or "C". Separately, for Marketplace transactions, including SKU st25071633586536429, Defendants' order and product pages reflect Shein payment, QuickShip, customer-service, and fulfillment features; Defendants process payments for sales transacted through the Shein Marketplace and retain a percentage of the revenue from each such sale; fulfillment of such orders is governed by the Shein Fulfillment Service Agreement; and Defendants provide or arrange customer service, returns, and dispute resolution. Defendants' own order confirmations state that, for third-party marketplace orders, the customer's payment is processed by Shein US Services, LLC on behalf of the seller or sellers.

**Notice of Infringement**

49. On or about August 1, 2025, Plaintiffs caused to have delivered to Defendants a cease and desist letter highlighting Plaintiffs' longstanding and extensive use of the Selena Marks and rights of publicity, as well as the nature of Defendants' infringement and misappropriation, demanding that Defendants cease and desist any future use of the Selena Marks and Selena's name, likeness, identity, or persona ("**Plaintiffs' Cease & Desist Letter**"). A true and correct copy of Plaintiffs' Cease & Desist Letter is attached hereto as **Exhibit "B"**.

50. Plaintiffs' Cease & Desist Letter was transmitted to Shein Distribution, Shein US Services, and Shein Technology at 757 S. Alameda Street, Suite 220, Los Angeles, California 90021, to legal@shein.com, and to Paracorp Incorporated as agent for Shein US Services. The letter identified the Selena Marks, invoked Chapter 26 of the Texas Property Code including the remedies in Tex. Prop. Code § 26.013, attached representative Infringing Product pages from us.shein.com including SKU st25071633586536429 sold

by third-party merchant xingm, and demanded that Defendants cease the use of the Selena Marks and of Selena's name, photograph, and likeness and provide an accounting within seven business days.

51. Despite the delivery of Plaintiffs' Cease & Desist Letter, Defendants did not cease their infringement and misappropriation.

52. Defendants have acknowledged receiving communications from Plaintiffs' counsel asserting infringement of the Selena Marks or violation of Selena's rights of publicity on at least August 1, 2025, November 3, 2025, and May 28, 2026.

53. On information and belief, notwithstanding Plaintiffs' Cease & Desist Letter and Plaintiffs' subsequent written notices of October 30, 2025 (transmitted on or about November 3, 2025) and January 27, 2026, new listings offering Infringing Products were created and offered for sale on the Shein Marketplace after each such notice, including by the same third-party merchants whose listings had previously been identified to Defendants, and Defendants continued to provide onboarding, listing, search, promotion, payment, and fulfillment services to those same merchants.

54. Defendants maintain intellectual property protection policies and practices, product de-listing mechanisms, and a repeat infringer policy applicable to the Shein Marketplace. Defendants have the unilateral ability to disable any listing on the Shein Marketplace, and state that they disabled listings for Infringing Products that Plaintiffs identified to them.

55. Defendants also have the technical ability to prevent the Shein Marketplace search function from returning any result for a given search term. Defendants did not restrict the terms "Selena" and "Selena Quintanilla" from the Shein Marketplace search function until on or about April 2026, approximately eight months after Plaintiffs' Cease & Desist Letter, approximately five months after Plaintiffs' written notice of October 30, 2025, and approximately one month after Plaintiffs filed this action on March 11, 2026. Since that restriction was implemented, a search of the Shein Marketplace for "Selena" or "Selena Quintanilla" returns no results.

56. From August 1, 2025 through at least April 2026, Defendants continued to host, index, rank, recommend, process payment for, and display listings for Infringing Products, and new listings for Infringing Products appeared after each of Plaintiffs' written notices, including listings by merchants previously identified to Defendants. Defendants' April 2026 restriction of the search terms "Selena" and "Selena Quintanilla" confirms both that Defendants had the technical ability to stop the use of those terms months earlier and that, until that restriction, Defendants themselves caused those terms to return Infringing Products to consumers. Plaintiffs allege that residual listings, advertising feeds, cached pages, or re-listings using variant titles or tags continued thereafter.

57. Defendants' wrongful and willful actions in the infringement of Plaintiffs' proprietary rights in the Selena Marks and Selena's name, likeness, identity, and persona have caused substantial injury to Plaintiffs. A composite compilation of evidence documenting the Infringing Activities, including screenshots of Defendants' website featuring unauthorized uses of the Selena Marks and Selena's name, likeness, identity, and persona on merchandise such as t-shirts, is attached hereto as composite **Exhibit "C"**.

58. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

**COUNT I**

**<u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)</u>**

**(*By Plaintiff Q Productions Against All Defendants*)**

59. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 58 above as if fully set forth herein.

60. The use in commerce by Defendants of the Selena Marks has been without the consent of Plaintiff Q Productions, the owner and registrant of U.S. Trademark Registration Nos. 5,522,456 and 7,671,743, in violation of 15 U.S.C. § 1114.

61. Defendants used the Selena Marks in commerce on displays associated with the Infringing Products and in the advertising of those goods. Defendants' own search function returned fifteen pages of results for the query "SELENA." Defendants'

Recommend sort, QuickShip badges, HOTSELLERS badges, sold-count badges, and "other sellers" tiles appeared on those results. The product-detail page for SKU st25071633586536429 appeared on us.shein.com under the SHEIN house mark, with Defendants' Add to Cart control, SHEIN Points, QuickShip designation, and payment and fulfillment text on the same page as the cursive Selena signature mark, as depicted in Exhibit "B".

62. Defendants displayed the Selena Marks on us.shein.com in search results and product pages branded with the SHEIN name, and they used those pages to advertise and offer the Infringing Products to consumers in the United States, without the consent of Plaintiff Q Productions.

63. The product-detail page for SKU st25071633586536429 identifies the listing as "Marketplace Sold by xingm" and "xingm 3P Seller," and it also displays Defendants' SHEIN branding, Add to Cart control, SHEIN Points, QuickShip designation, and Warehouse 1 shipping text on the same page as the Selena Marks. Defendants, not the merchant, control whether that page is visible to consumers on us.shein.com. That display is Defendants' use of the Selena Marks in the advertising and offering for sale of goods, without the consent of Plaintiff Q Productions.

64. Defendants' own indexing, categorization, tagging, ranking, recommendation, search, and display of the listings for the Infringing Products, through systems that Defendants design, operate, and control, further constitutes use in commerce of the Selena Marks by Defendants in connection with the advertising and offering for sale of goods. Defendants' ability to restrict the terms "Selena" and "Selena Quintanilla" from the Shein Marketplace search function, and their exercise of that ability in April 2026, confirm that Defendants, and not the third-party merchants, control whether and how listings bearing the Selena Marks are surfaced to consumers.

65. Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks, which are colorable imitations, counterfeits, copies, or confusingly similar to Plaintiff Q Productions' Selena Marks, are likely to cause confusion, or to cause mistake,

or to deceive, in violation of 15 U.S.C. § 1114, and they have caused such confusion.

66. Defendants' aforesaid uses in commerce of Plaintiff Q Productions' Selena Marks have caused substantial confusion and mistake, and have deceived customers and potential customers of goods sold under the Selena Marks, nationwide and in California, in violation of 15 U.S.C. § 1114.

67. Plaintiffs placed Defendants on formal notice of Plaintiff Q Productions' ownership of the Selena Marks as early as August 1, 2025, by letter. Nevertheless, Defendants have continued to offer the Infringing Products in commerce using the Selena Marks.

68. Despite that notice, Defendants did not stop the uses alleged herein. Defendants continued to operate and monetize the Shein Marketplace after receiving actual knowledge of specific infringing listings, which demonstrates that the infringement was willful.

69. In view of the foregoing, Defendants have and continue to willfully infringe Plaintiff Q Productions' Selena Marks, whereby Plaintiff Q Productions is entitled to damages, including Defendants' profits, other damages sustained by Plaintiff Q Productions, the costs of this action, and reasonable attorneys' fees, as set forth in 15 U.S.C. § 1117.

70. Defendants' wrongful acts threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, pursuant to 15 U.S.C. § 1116.

**COUNT II**
**CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**
**(*By Plaintiff Q Productions Against All Defendants*)**

71. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 70 above as if fully set forth herein.

72. Third-party merchants have used and continue to use the Selena Marks in commerce in connection with the offering, sale, marketing, and advertising of the

Infringing Products on the Shein Marketplace in a manner that is likely to cause consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval, in violation of 15 U.S.C. § 1114.

73. On or about August 1, 2025, Plaintiffs delivered to Defendants Plaintiffs' Cease & Desist Letter, which identified Defendants' offering and sale of Infringing Products on the Shein Marketplace, identified the Selena Marks, and demanded that Defendants cease and desist any further use of the Selena Marks and of Selena's name, likeness, identity, and persona on the Shein Marketplace. Plaintiffs subsequently identified to Defendants additional specific listings of Infringing Products on the Shein Marketplace, including on or about October 30, 2025 and January 27, 2026. By no later than August 1, 2025, and on each of the subsequent occasions on which Plaintiffs notified Defendants of additional listings, Defendants had actual knowledge of specific instances of infringement of the Selena Marks on the Shein Marketplace. Defendants have acknowledged receiving communications from Plaintiffs' counsel asserting infringement of the Selena Marks or violation of Selena's rights of publicity on at least August 1, 2025, November 3, 2025, and May 28, 2026.

74. By August 1, 2025, Defendants had actual knowledge of particular infringing listings, including SKU st25071633586536429 offered by merchant xingm on us.shein.com. By January 27, 2026, a search of the Shein Marketplace for "SELENA" still returned fifteen pages of Infringing Products, including listings designated QuickShip and listings displaying "other sellers" tiles. After receiving that notice, Defendants continued to operate their search, recommendation, tagging, and product-page systems so that a consumer query for "SELENA" still returned those results, with Defendants' own Recommend sort, QuickShip designations, and "other sellers" tiles attached. Defendants had the ability to stop that query from returning those results, as they later demonstrated by restricting the search terms "Selena" and "Selena Quintanilla" in or about April 2026, approximately eight months after written notice.

75. Notwithstanding actual notice of specific instances of infringement,

Defendants have continued to host, display, surface, recommend, promote, fulfill, and profit from the listing and sale of Infringing Products on the Shein Marketplace, including listings by merchant xingm and other merchants previously identified to Defendants, and through the same search, recommendation, QuickShip, and checkout channels previously identified to Defendants.

76. Defendants had, and have, the technical and contractual means to stop the infringement. Defendants maintain a repeat infringer policy and product de-listing mechanisms; Defendants can disable any listing on the Shein Marketplace unilaterally; and Defendants can prevent the Shein Marketplace search function from returning any result for a given term. Defendants nonetheless did not restrict "Selena" or "Selena Quintanilla" as search terms until on or about April 2026, and, on information and belief, continued to provide onboarding, listing, search, promotion, payment, and transaction services to the third-party merchants previously identified to Defendants after each of Plaintiffs' notices.

77. This claim is not directed at unmodified third-party speech that Defendants merely hosted. It is directed at Defendants' continued supply of Shein Marketplace search, ranking, recommendation, QuickShip, payment, and display services to listings Defendants knew were infringing, including SKU st25071633586536429 and the fifteen-page "SELENA" results in Exhibit C. Defendants created and developed the search results, ranking, badges, and related designations they displayed.

78. By reason of the foregoing, Defendants are contributorily liable under 15 U.S.C. § 1114. Defendants had actual knowledge of specific infringing listings no later than August 1, 2025, November 3, 2025, and January 27, 2026, and of the continued appearance of new listings by the same merchants thereafter. Defendants also continued, for approximately eight months after notice, to supply and operate the search, recommendation, QuickShip, and display features that caused queries for "Selena" and "Selena Quintanilla" to return the Infringing Products, including by attaching Shein-generated ranking and fulfillment designations to those listings. Defendants are therefore

liable for the third-party merchants' infringing uses.

79. Defendants' contributory infringement of the Selena Marks has been willful, deliberate, and undertaken in conscious disregard of Plaintiff Q Productions' rights, as evidenced by, among other things, Defendants' continued facilitation and monetization of the listing and sale of Infringing Products on the Shein Marketplace after receipt of Plaintiffs' Cease & Desist Letter and notice of additional specific instances of infringement.

80. Defendants' contributory infringement has caused, and absent the relief sought herein will continue to cause, substantial and irreparable injury to Plaintiff Q Productions, including lost profits, lost goodwill, lost licensing opportunities, and harm to the distinctiveness of the Selena Marks. Plaintiff Q Productions has no adequate remedy at law.

81. By reason of the foregoing, Plaintiff Q Productions is entitled to (a) preliminary and permanent injunctive relief under 15 U.S.C. § 1116; (b) Defendants' profits, Plaintiff's actual damages, and the costs of this action under 15 U.S.C. § 1117(a), trebled and enhanced as appropriate; (c) statutory damages under 15 U.S.C. § 1117(c) where applicable; (d) reasonable attorneys' fees under 15 U.S.C. § 1117(a); and (e) destruction or other disposition of infringing materials under 15 U.S.C. § 1118.

**COUNT III**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**
**(15 U.S.C. § 1125(a))**
**(*By Plaintiff Q Productions Against All Defendants*)**

82. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 81 above as if fully set forth herein.

83. Defendants' use in commerce of the Selena Marks in connection with the advertising, indexing, ranking, recommendation, offering for sale, payment processing, and display of the Infringing Products on the Shein Marketplace has caused confusion and is likely to continue to cause confusion and mistake, and to deceive consumers into

believing that the Infringing Products are Plaintiff Q Productions' goods, or that those goods are sponsored by, approved by, or connected with Plaintiff Q Productions, with consequent injury to Plaintiff Q Productions.

84. This claim is not directed at unmodified third-party speech that Defendants merely hosted. It is directed at Defendants' own uses of the Selena Marks alleged herein, including Defendants' translation, tagging, ranking, QuickShip designation, advertising, and display of the consumer-facing listings depicted in Exhibits "B" and "C", including the fifteen-page "SELENA" search-results set and the product-detail page for SKU st25071633586536429. Defendants are information content providers as to that material.

85. The uses alleged herein have caused confusion nationwide and are likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Q Productions, or as to the origin, sponsorship, or approval of the Infringing Products, and of Defendants' commercial activities on the Shein Marketplace, by Plaintiff Q Productions, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

86. Defendants' unauthorized commercial use of the Selena Marks and of Selena's name, photograph, and likeness in the titles, images, search results, and product pages alleged herein is likely to deceive consumers into believing that Plaintiff Q Productions sponsors, endorses, or approves the Infringing Products, or that the Infringing Products are official Selena merchandise, in violation of 15 U.S.C. § 1125(a)(1)(A).

87. The aforesaid acts of Defendants were undertaken with knowledge of Plaintiff Q Productions' prior trademark rights in the Selena Marks.

88. Plaintiff Q Productions has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' aforementioned acts, and has further suffered monetary damages in an amount to be determined at trial.

89. Defendants' wrongful acts entitle Plaintiff Q Productions to damages and injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1117.

90. Plaintiff Q Productions has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
**(*By Plaintiff Q Productions Against All Defendants*)**

91. Plaintiff Q Productions repeats and re-alleges each and every allegation contained in Paragraphs 1 through 90 above as if fully set forth herein.

92. This claim is not directed at unmodified third-party speech that Defendants merely hosted. It is directed at Defendants' own uses of the Selena Marks alleged above, including Defendants' creation, development, translation, tagging, ranking, QuickShip designation, advertising, and display of the consumer-facing listings depicted in Exhibits B and C, including the fifteen-page "SELENA" search-results set and the product-detail page for SKU st25071633586536429. Defendants are information content providers as to that material. 47 U.S.C. § 230(c)(1) does not apply.

93. The use of the Selena Marks by Defendants has caused substantial confusion and is likely to continue to cause confusion between Defendants and/or their activities and Plaintiff Q Productions and its activities nationwide, and such use by Defendants infringes the valuable common law rights of Plaintiff Q Productions in its Selena Marks.

94. Defendants' activities alleged herein constitute unfair competition with Plaintiff Q Productions by creating confusion as to the source or sponsorship of the Infringing Products displayed on the Shein Marketplace, and by trading on the reputation and goodwill of Plaintiff Q Productions in the Selena Marks.

95. Defendants' wrongful acts have damaged Plaintiff Q Productions in an amount to be determined at the time of trial.

96. Defendants have been on actual notice of Plaintiff Q Productions' marks and registrations and have acted willfully in infringing, and continuing to infringe, Plaintiff Q Productions' Selena Marks.

97. Defendants' wrongful acts have irreparably injured Plaintiff Q Productions, and threaten to continue to irreparably injure Plaintiff Q Productions, unless and until said acts are enjoined by this Court, as Plaintiff Q Productions has no adequate remedy at law.

///

**COUNT V**

**MISAPPROPRIATION OF RIGHT OF PUBLICITY UNDER TEXAS PROPERTY CODE CHAPTER 26 (TEX. PROP. CODE § 26.001, *ET SEQ.*)**

**(*By Plaintiff Quintanilla Against All Defendants*)**

98. Plaintiff Quintanilla repeats and re-alleges each and every allegation contained in Paragraphs 1 through 97 above as if fully set forth herein.

99. Selena died on March 31, 1995, domiciled in the State of Texas. Chapter 26 of the Texas Property Code creates a property right in the use of a deceased individual's name, voice, signature, photograph, or likeness after that individual's death. Tex. Prop. Code § 26.002. That right is freely transferable, in whole or in part, by contract, and may be transferred before or after the individual's death. Id. § 26.004. The chapter applies to an individual who was alive on or after September 1, 1987 and whose name, voice, signature, photograph, or likeness had commercial value at the time of death or came to have commercial value thereafter. Id. § 26.003. Selena satisfies both conditions. The property right endures until the fiftieth anniversary of the date of death, id. § 26.012(d), and therefore remains in force through March 31, 2045.

100. Plaintiff Quintanilla owns the property right in Selena's name, signature, photograph, and likeness by written transfer. During Selena's life, Selena transferred those rights to Abraham Quintanilla, Jr., and that transfer was confirmed by the Estate Properties Agreement dated May 31, 1995, executed by Selena's surviving spouse, parents, and siblings, which defines the transferred "Entertainment Properties" to include rights in Selena's name, voice, signature, photograph, or likeness "pursuant to Texas Property Code Chapter 26." By Assignment and Assumption Agreement effective February 25, 2021, Abraham Quintanilla, Jr. irrevocably assigned to Plaintiff Quintanilla all of his right, title, and interest in and to those Entertainment Properties, together with all claims and causes of action for past, present, and future infringement or misappropriation thereof. Plaintiff Quintanilla accordingly owns one hundred percent of the property right and is entitled to exercise it. Tex. Prop. Code §§ 26.004, 26.009. Plaintiff Quintanilla has also registered her claim to that property right with the Secretary of State of the State of Texas, by claim

sworn September 5, 2024, filed September 9, 2024, and acknowledged by the Secretary of State on October 10, 2024 (Registration of Claim No. 20240013). That registration is prima facie evidence of a valid claim and is superior to any conflicting unregistered claim. Id. § 26.007.

101. Without the written consent of Plaintiff Quintanilla, who may exercise the property right, Defendants have used Selena's name, signature, photograph, and likeness in connection with products, merchandise, and goods, and for the purpose of advertising, selling, and soliciting the purchase of products, merchandise, goods, and services, including through the marketing, promotion, offering for sale, payment processing, fulfillment, and advertising of the Infringing Products, and through Defendants' own indexing, categorization, tagging, ranking, recommendation, search, and display of the listings for the Infringing Products. Tex. Prop. Code § 26.011. No permitted use under Tex. Prop. Code § 26.012 applies to Defendants' conduct.

102. The uses alleged in this Count include Defendants' own acts of indexing, tagging, ranking, recommending, advertising, applying QuickShip designations, processing payment, and displaying Selena's name, photograph, and likeness to consumers on us.shein.com, including on the pages depicted in Exhibits B and C. Those acts are Defendants' uses under Tex. Prop. Code § 26.011, not the mere publication of unchanged third-party content. Defendants are information content providers as to that material. 47 U.S.C. § 230(c)(1) does not bar this claim.

103. Defendants' unauthorized uses were knowing and willful. Defendants continued their unauthorized uses after receipt of Plaintiffs' Cease & Desist Letter, which expressly invoked Chapter 26 of the Texas Property Code and the remedies available under Tex. Prop. Code § 26.013, and after each of Plaintiffs' subsequent written notices.

104. Pursuant to Tex. Prop. Code § 26.013(a), Plaintiff Quintanilla is entitled to recover the greater of $2,500 or the amount of damages sustained as a result of the unauthorized use; the amount of any profits from the unauthorized use that are attributable to that use; exemplary damages; and reasonable attorney's fees and expenses and court

costs incurred in recovering the damages and profits. Plaintiff Quintanilla seeks the remedies in Section 26.013(a) for each unauthorized use, including each distinct commercial use of Selena's name, photograph, or likeness in a listing, advertisement, or sale, in an amount to be determined at trial, and in no event less than the statutory minimum of $2,500 where that minimum applies. The profits recoverable under Section 26.013(a)(2) may be established by a showing of the gross revenue attributable to the unauthorized use, less any expenses Defendants prove. Id. § 26.013(b).

105. Defendants' wrongful acts have irreparably injured Plaintiff Quintanilla, and threaten to continue to irreparably injure Plaintiff Quintanilla, unless and until said acts are enjoined by this Court, as Plaintiff Quintanilla has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Q Productions, LLC and Suzette Quintanilla respectfully request that this Honorable Court enter a final judgment in their favor and as against Defendants SHEIN DISTRIBUTION CORPORATION, SHEIN US SERVICES, LLC, and SHEIN TECHNOLOGY LLC, inclusive, jointly and severally, as follows:

1. Determining that Defendants' use of the Selena Marks and Selena's name, likeness, identity, or persona constitutes:
   a. Trademark infringement in violation of 15 U.S.C. § 1114;
   b. Contributory trademark infringement in violation of 15 U.S.C. § 1114;
   c. False designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);
   d. Unfair competition in violation of the common law of the State of California; and
   e. Misappropriation and unauthorized use of Selena's name, signature, photograph, and likeness in violation of Chapter 26 of the Texas Property Code, Tex. Prop. Code § 26.001, *et seq*.
2. That Defendants and all those acting in concert with them be permanently restrained and enjoined from using the Selena Marks or any colorable imitation thereof in connection with any goods or services;
3. That Defendants and all those in active concert or participation with them

who receive actual notice of the order be permanently restrained and enjoined from using the Selena Marks, or Selena's name, photograph, likeness, identity, or persona, in the advertising, indexing, ranking, recommendation, offering for sale, sale, or fulfillment of commercial products on the Shein Marketplace or in any other promotion or marketing;

4. For the full value of all Defendants' profits derived from Defendants' unlawful acts set forth herein, together with the damages of Plaintiffs, including lost profits, in an amount to be determined, in addition to a full accounting of all infringing sales and revenues;

5. That the amount of any judgment be trebled pursuant to 15 U.S.C. § 1117, due to the willful infringement of the Selena Marks by Defendants;

6. For such statutory damages as are available under 15 U.S.C. § 1117(c), at Plaintiffs' election, to the extent the Infringing Products bear counterfeit marks within the meaning of 15 U.S.C. § 1116(d);

7. For all remedies available under Tex. Prop. Code § 26.013, including the greater of $2,500 or actual damages for each unauthorized use, the profits attributable to the unauthorized use, exemplary damages, and reasonable attorney's fees, expenses, and court costs, in amounts to be proved at trial;

8. The costs of this action and Plaintiffs' reasonable attorneys' fees, to be taxed against the Defendants, in accordance with 15 U.S.C. § 1117 and Tex. Prop. Code § 26.013;

9. All advertising materials, brochures, handouts, or any other materials containing the Selena Marks, or any colorable imitation thereof, or any other similar mark, or Selena's name, likeness, identity, or persona, be accounted for, and delivered to the attorneys for Plaintiffs for such disposal and/or destruction as Plaintiffs may exercise pursuant to 15 U.S.C. § 1118; and

10. For a permanent injunction, pursuant to 15 U.S.C. § 1116, against Defendants and those persons in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise from:

    a. Using the Selena Marks (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise); or any reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the Selena Marks as a trade name, trademark or service mark, or in any other manner which suggests in any way that Defendants and/or their activities originate from, are affiliated with, or are sponsored,

authorized, approved or sanctioned by Plaintiffs, or that Plaintiffs and/or their activities are affiliated in any way with the Defendants;

b. Infringing the Selena Marks or any colorable imitation thereof;

c. Using in connection with their activities any false or deceptive designation, representation, or description of Plaintiffs or the Selena Marks, whether by symbols or words or statements, which would damage or injure Plaintiffs or give Defendants an unfair competitive advantage in the marketplace;

d. Using any internet web site or domain name or metatag or online account which includes the Selena Marks or any similar marks;

e. Purchasing or using any searchable key words which include the Selena Marks;

f. Engaging in acts of state or common law trade name infringement, trademark infringement, service mark infringement, unfair competition or misappropriation which would damage or injure Plaintiffs;

g. Using Selena's name, likeness, identity, or persona for commercial purposes without consent; *and*

h. Inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

11. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Q Productions, LLC and Suzette Quintanilla hereby demand a trial by jury in this action.

**DATED**: September 3, 2026

Respectfully submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**JUSTIN R. TRAUBEN**

By: */s/ Justin R. Trauben*
Justin R. Trauben

***Attorneys for Plaintiffs***
Q PRODUCTIONS, LLC *and*
SUZETTE QUINTANILLA