GREENBERG TRAURIG, LLP
VALERIE W. HO (SBN 200505)
*Valerie.Ho@gtlaw.com*
LORI CHANG (SBN 228142)
*ChangL@gtlaw.com*
DAVID H. MARENBERG (SBN 329954)
*MarenbergD@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700

Attorneys for Defendants Shein Distribution Corporation, Shein U.S. Services, LLC, Shein Technology, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Q PRODUCTIONS, LLC, a Texas limited liability company, and SUZETTE QUINTANILLA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, a Delaware limited liability company, and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 2:26-cv-02588-JFW-ACCV<br><br>**JOINT STATEMENT RE: COMPLIANCE WITH LOCAL RULE 7-3 AND THE COURT'S STANDING ORDER**<br><br>Assigned to: Hon. John F. Walter |

Pursuant to Local Rule 7-3 and the Court's Standing Order (Dkt. No. 10), Plaintiffs Q Productions, LLC ("**Q Productions**") and Suzette Quintanilla ("**Quintanilla**") (collectively, "**Plaintiffs**") and Defendants Shein Distribution Corporation, Shein US Services, LLC, and Shein Technology LLC (collectively, "**Defendants**" or "**SHEIN**") (together with Plaintiffs, the "**Parties**"), by and through their respective counsel of record, having conducted the pre-filing conference required by Local Rule 7-3 and this Court, hereby respectfully submit this joint statement.

On May 27, 2026, Plaintiffs filed the First Amended Complaint ("**FAC**"). Dkt. No. 25. Defendants filed their Answer to the FAC on June 10, 2026. Dkt. No. 30.

On July 9, 2026, Plaintiffs served six sets of discovery on Defendants.

On August 10, 2026, defense counsel emailed Plaintiffs' counsel to request a conference to discuss Defendants' intent to file a motion for judgment on the pleadings.

On August 12, 2026, defense counsel sent Plaintiff's counsel a draft statement setting forth the grounds for Defendants' anticipated motion based on, among other authorities, the rulings in *Starship, LLC v. Shein Distrib. Corp.*, No. 2:25-cv-11017-SB-PD, 2026 WL 1455009 (C.D. Cal. Mar. 20, 2026), *Cox Commc'ns, Inc. v. Sony Music Entm't*, 146 S. Ct. 959 (2026), and the federal Communications Decency Act, 47 U.S.C. § 230(c)(1).

On August 13, 2026, counsel for the Parties held an in-person meeting pursuant to L.R. 7-3, at the law offices of Singh Singh & Trauben, LLP in Beverly Hills, California, during which the Parties agreed to allow Plaintiffs to amend the complaint in response to the issues raised by Defendants.

On August 28, 2026, the Parties filed a stipulation for leave to file a Second Amended Complaint ("**SAC**") by September 3, 2026 (Dkt. No. 33), which the Court subsequently granted (Dkt. No. 34).

On September 3, 2026, Plaintiffs filed the SAC (Dkt. No. 35) dismissing claims for vicarious trademark infringement, trademark dilution, and violation of the right of publicity under California law. The SAC now asserts claims for direct and contributory trademark infringement, false designation of origin and unfair competition under the Lanham Act,

California common law unfair competition, and misappropriation of the right of publicity under Texas law.

On September 4, 2026, defense counsel emailed Plaintiffs' counsel to request a conference to discuss Defendants' intent to file a motion to dismiss the SAC (the "**Motion**").

On September 8, 2026, counsel for the Parties held an in-person meeting pursuant to L.R. 7-3, at the law offices of Singh Singh & Trauben, LLP in Beverly Hills, California. The meeting commenced around 2:00 p.m. and ended around 2:30 p.m. In attendance were defense counsel Valerie Ho and Lori Chang, and Plaintiffs' counsel Justin R. Trauben. Prior to the in-person meeting, defense counsel sent a draft of this joint statement to Mr. Trauben, setting forth in detail the following grounds for the Motion which were discussed at the conference:

First, SHEIN contends that Plaintiff Q Productions, LLC fails to state a claim for direct trademark infringement because the SAC alleges facts demonstrating that SHEIN did not use Plaintiff's asserted mark in commerce. *See Gas Drawls, LLC v. Whaleco, Inc.* 2025 WL 4058287, at *2 (C.D. Cal. Dec. 5, 2025). The SAC alleges that SHEIN operates an online marketplace (the "**Marketplace**") where products allegedly using the asserted marks were listed and sold by "third-party merchants." *See, e.g.*, SAC ¶¶ 31-32, 36, 63-64. SHEIN contends that the SAC does not allege that any SHEIN Defendant sold the accused products (*see, e.g.*, SAC ¶ 48 "Plaintiffs do not presently identify a first-party Shein Distribution SKU as an Infringing Product, except to the extent discovery shows Shein Distribution was the seller of record on any listing in Exhibits 'B' or 'C'"), a characterization Plaintiffs dispute (SAC ¶¶ 31, 36, 48). SHEIN contends that direct liability cannot be imposed on an online marketplace for providing a search tool to consumers and displaying listings of third-party sellers, or for processing payments or fulfilling orders. *See, e.g.*, *Starship, LLC v. Shein Distrib. Corp.*, No. 2:25-cv-11017-SB-PD, 2026 WL 1455009, at *3-4 (C.D. Cal. Mar. 20, 2026) (granting SHEIN's motion to dismiss and rejecting "theories of direct liability [] based on pricing, search functionality, order fulfillment, and customer

communications [which] are consistent with Defendants' operation of an online marketplace").

Second, SHEIN contends that Plaintiff Q Productions, LLC fails to state a claim for contributory trademark infringement where it does not allege that SHEIN intended to infringe, or even that it failed to take down allegedly infringing listings identified in a notice of claimed infringement, a characterization Plaintiffs dispute (*see* SAC ¶¶ 45, 53, 56, 74-77). Plaintiff does not allege inducement or that SHEIN's platform services are "tailored" for infringement and not capable of substantial noninfringing uses, and thus the claim for contributory liability should fail on this basis alone. *See Cox Commc'ns, Inc. v. Sony Music Entm't*, 146 S. Ct. 959 (2026) (holding in a copyright case that absent intent to infringe based on these two grounds, contributory liability will not be imposed); *Y.Y.G.M. S.A. v. Redbubble, Inc.*, 75 F.4th 995, 1001 (9th Cir. 2023) . SHEIN contends that the standard for contributory liability held in *Cox* should apply to this case on the basis of Ninth Circuit law. *Y.Y.G.M.*, 75 F.4th at 1001 ("because 'trademark infringement liability is more narrowly circumscribed than copyright infringement,' the standard for contributory trademark infringement would be at least as demanding"). The SAC also does not plausibly allege that SHEIN had specific knowledge of particular infringing listings and took no action. To the contrary, the SAC alleges that SHEIN implemented a filter to block searches for potentially infringing products. SHEIN therefore contends that it cannot be held contributorily liable even under the knowledge-based standard held by *Y.Y.G.M.* prior to *Cox*. *See, e.g.*, *Starship*, 2026 WL 1455009, at *5 (dismissing contributory infringement claim against SHEIN based on similar allegations).

Third, SHEIN contends that for the reasons stated above, Plaintiff Q Productions, LLC fails to state a claim for false designation or unfair competition because these claims are derivative of the trademark infringement claims and are premised on the same alleged facts and legal elements. *See, e.g.*, *Gas Drawls*, 2025 WL 4058287, at *2.

Fourth, SHEIN contends that Plaintiff Q Productions, LLC's state law unfair competition claim and Plaintiff Suzette Quintanilla's state law right of publicity claims are

barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which broadly immunizes service providers like SHEIN from any cause of action that would make it liable for information originating from a third-party user – here, the third-party sellers who listed the allegedly infringing items for sale on SHEIN's platform. *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118-19 (9th Cir. 2007) (holding that the CDA "establish[es] broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service," and accordingly bars state law intellectual property claims, including right of publicity claims); *Starship*, 2026 WL 1455009, at *6-7 (ruling that SHEIN was entitled to CDA immunity and dismissing state law claims in infringement action); *see also Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1169 (9th Cir. 2008) ("[P]roviding *neutral* tools to carry out what may be unlawful or illicit searches does not amount to 'development' for purposes of the immunity exception.").

Fifth, SHEIN contends that Plaintiffs fail to state a claim against Defendants based on an alleged single enterprise theory. SAC ¶ 8. While Shein US Services, LLC operates the Marketplace, the SAC alleges that Shein Distribution Corporation ("**SDC**") is a retailer that, according to Defendants' own description of their roles, sells products other than the Infringing Products (SAC ¶ 41); Plaintiffs do not concede that no accused listing involved SDC (*see* SAC ¶ 48). Further, the SAC alleges that Shein Technology LLC ("**Shein Tech**") "provides information technology and related services to Shein Distribution." SAC ¶ 41. While the SAC also alleges that Shein Tech "designs and operates information-technology systems used to host, translate, tag, rank, search and display listings" on us.shein.com, Shein Tech's unverified interrogatory responses (served prior to the filing of the SAC and stating "VERIFICATION TO FOLLOW") state that it "plays no role in the SHEIN MARKETPLACE and plays no role in the sales of any products," and "does not play a role in software-development, data-hosting, search, recommendation, translation, or content-moderation." Accordingly, SHEIN contends that Plaintiffs lack any good faith basis to assert claims against either Shein Tech or SDC.

Finally, SHEIN contends that Plaintiffs fail to plead facts that would support an award of punitive damages. They do not allege malice, or any specific qualifying conduct by an officer, director, or managing agent (nor are there such facts).

**Plaintiffs' Position**

The September 8, 2026 conference lasted approximately thirty minutes. The parties discussed each of the six grounds identified by Defendants. No ground was resolved. Plaintiffs contend that the Second Amended Complaint states each claim it pleads and that none of the six grounds warrants dismissal.

Without conceding any deficiency in the Second Amended Complaint, and solely to narrow issues consistent with the Court's Standing Order, Plaintiffs offer to dismiss Shein Technology LLC without prejudice upon service of verified interrogatory responses and a sworn identification of the entity or entities that design and operate the search, ranking, tagging, translation, and display systems for us.shein.com. This offer remains open. All six grounds otherwise remain in dispute.

Plaintiffs also do not agree with any characterization, advanced at the conference or otherwise, that this case involves only approximately $25,000 in sales. That figure is drawn from Defendants' accounting of a self-selected list of products and is disputed.

First, as to direct infringement, Count I does not rest only on Defendants' provision of a generic search tool. The Second Amended Complaint alleges Defendants' own use of the Selena Marks in commerce. Defendants advertised, indexed, ranked, recommended, offered for sale, processed payment for, and applied QuickShip and related fulfillment designations to the Infringing Products. [SAC ¶ 31]. Defendants select and attach search keywords and tags, including "Selena" and "Selena Quintanilla," to Marketplace listings. [*Id.* ¶¶ 44, 46]. Defendants present SHEIN-branded product-detail and search-results pages on which the marks appear, including the product-detail page for SKU st25071633586536429 under the SHEIN house mark, with Defendants' Add to Cart control, SHEIN Points, QuickShip designation, and payment text on the same page as the cursive Selena signature mark. [*Id.* ¶¶ 33-34, 61-63; Ex. B]. Defendants alone control the visibility

and ranking of every listing. [*Id.* ¶ 43]. For Marketplace transactions, including SKU st25071633586536429, which the Second Amended Complaint identifies as listed by a merchant and not as a first-party Shein Distribution SKU, Defendants process each customer's payment through Shein US Services, LLC "on behalf of the seller or sellers," retain a percentage of every sale, and provide fulfillment under the Shein Fulfillment Service Agreement. [*Id.* ¶¶ 32, 48; Ex. B]. A mark is used in commerce when it is placed on displays associated with goods offered for sale, or used in the sale or advertising of goods. 15 U.S.C. § 1127. *Starship* is an unpublished order from another court in this District and does not bind this Court. The first amended complaint there did not allege that Shein selected or attached the accused search terms, did not attach a post-notice search-results set still returning the identified goods, and did not allege a ranking policy that bars merchants from controlling visibility. *Starship, LLC v. Shein Distrib. Corp.*, No. 2:25-cv-11017, 2026 WL 1455009, at *3-4 (C.D. Cal. Mar. 20, 2026). Those are the facts pled here. [SAC ¶¶ 31, 33, 43-48, 61-64; Exs. B, C].

On the search-keyword theory of direct use, *Gas Drawls* rejected the claim because the plaintiff did not explain how the platform "offered" the keyword and alleged only that counsel typed the mark into the search bar. *Gas Drawls, LLC v. Whaleco, Inc.*, 2:25-cv-07425, 2025 WL 4058287, at *3 (C.D. Cal. Dec. 5, 2025). On the amended pleading, the court denied dismissal of the direct claims where the plaintiff alleged the platform took title to the goods or otherwise exercised sufficient control over the accused products to be liable for their sale. *Gas Drawls, LLC v. Whaleco, Inc.*, No. 2:25-cv-07425, 2026 WL 571617, at *1-2 (C.D. Cal. Feb. 10, 2026). The Second Amended Complaint alleges a different and independent form of control: Defendants select and attach the accused keywords, present the SHEIN-branded product pages, alone determine ranking and visibility, process payment, and apply QuickShip and related designations. [SAC ¶¶ 31, 43-48, 61-64].

Second, as to contributory infringement, Defendants' premise is contradicted by the pleading. The Second Amended Complaint alleges actual knowledge of specific infringing listings, including SKU st25071633586536429, no later than August 1, 2025; that on

January 27, 2026 a search of us.shein.com for "SELENA" still returned Infringing Products across 15 pages of Defendants' own Recommend results; that new listings by previously identified merchants appeared after each of Plaintiffs' written notices; and that Defendants did not restrict the "Selena" search terms until approximately eight months after the first notice and one month after this action was filed. [SAC ¶¶ 32, 45, 50, 53, 55-56, 73-77]. The August 1, 2025 letter attached the product-detail page for that SKU and Shein search results returning multiple infringing listings. [*Id.* ¶ 32; Ex. B]. Exhibit C is Defendants' own January 27, 2026 "SELENA" search-results set and is part of the pleading. Fed. R. Civ. P. 10(c). The contributory claim in *Gas Drawls* failed first because the complaint did not allege knowledge of any infringing seller, and the plaintiff did not dispute that Temu removed the identified listings upon notice. *Gas Drawls*, 2025 WL 4058287, at *4 & n.7. On the amended pleading, the court dismissed only the contributory claim because the plaintiff did not plausibly allege that Temu knowingly supplied services to an infringing user, having conceded that Temu removed the listings upon notice. *Gas Drawls*, 2026 WL 571617, at *1-2. *Starship* dismissed the contributory claim where the plaintiff did not dispute that Shein removed the identified listings and did not allege that Shein failed to remove a reappearing listing after acquiring knowledge of it. *Starship*, 2026 WL 1455009, at *5. The Second Amended Complaint alleges the opposite. [SAC ¶¶ 32, 45, 53, 55-56, 73-77; Exs. B, C].

*Cox Commc'ns, Inc. v. Sony Music Entm't*, 146 S. Ct. 959 (2026), is a copyright decision. It does not cite, discuss, or overrule *Inwood Labs, Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854-55 (1982). Under *Inwood*, a defendant is contributorily liable if it "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." (*Id.* at 854). The Ninth Circuit applies that same knowledge standard to the continued supply of services. *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1001-04 (9th Cir. 2023).

Third, Count III is not wholly derivative of Count I. The Second Amended Complaint pleads a false endorsement and sponsorship theory under 15 U.S.C. § 1125(a)(1)(A): that Defendants' uses are likely to deceive consumers into believing the accused products are

sponsored, approved, or official Selena merchandise, including through Defendants' presentation of the listings under the SHEIN house mark with Defendants' HOTSELLERS, QuickShip, and Recommend designations attached. [SAC ¶¶ 33, 45, 61-63, 85-86].

Fourth, Section 230 does not bar Counts I through III. Those claims arise under the Lanham Act. 47 U.S.C. § 230(e)(2) provides that Section 230 shall not be construed to limit or impair any law pertaining to intellectual property. As to Counts IV and V, the Second Amended Complaint alleges that Defendants translate, edit, and standardize listing content; select and attach the accused search keywords; assign categories; compose the consumer-facing pages; determine search ranking and recommendation placement; apply QuickShip and related designations; and generate and transmit product advertising feeds. [SAC ¶¶ 44-47]. Those allegations make Defendants information content providers under 47 U.S.C. § 230(f)(3) as to that material. A website loses section 230 immunity as to content that it is responsible, in whole or in part, for creating or developing, including where it "contributes materially to the alleged illegality of the conduct." *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162-63, 1167-68 (9th Cir. 2008) (en banc). Here, the conduct alleged in the Second Amended Complaint is not the provision of a neutral search tool. The Second Amended Complaint alleges that Defendants themselves select and attach the accused terms, including "Selena" and "Selena Quintanilla," and compose the consumer-facing pages. [SAC ¶¶ 44-46]. Those state-law claims also rest on Defendants' own payment processing, fulfillment, and revenue retention. [SAC ¶ 48]. That conduct does not treat Defendants as the publisher or speaker of information provided by another.

Fifth, Defendants' single-enterprise ground rests on matter outside the pleading. Unverified interrogatory responses may not be considered on a motion under Rule 12(b)(6). *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Starship*, 2026 WL 1455009, at *4 n.5. The Second Amended Complaint pleads each Defendant's role, SAC ¶¶ 8, 28, 41, 48, and pleads a single integrated enterprise only in the alternative. *Starship* rejected a group-pleading challenge by these same Defendants where

the complaint described each entity's role and alleged an integrated platform. 2026 WL 1455009, at *2. Defendants' assertion that Plaintiffs lack a good-faith basis as to Shein Technology LLC rests on discovery responses that state on their face "VERIFICATION TO FOLLOW." Plaintiffs' offer described above remains open.

Sixth, Defendants' punitive-damages ground is directed at relief the Second Amended Complaint does not seek. The Second Amended Complaint contains no prayer for common-law punitive damages. The only exemplary damages sought are those authorized by Tex. Prop. Code § 26.013(a)(3) on Count V.

Dated: September 10, 2026 GREENBERG TRAURIG, LLP

By: */s/ Lori Chang*
Lori Chang
Attorneys for Defendants Shein Distribution Corporation, Shein U.S. Services, LLC, Shein Technology, LLC

Dated: September 10, 2026 **SINGH, SINGH & TRAUBEN, LLP**

By: */s/ Justin R. Trauben*
Justin R. Trauben

Attorneys for Plaintiffs
Q Productions, LLC and Suzette Quintanilla

The undersigned hereby attests, pursuant to Local Rule 5-4.3.4(a)(2)(i), that all other listed signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated: September 10, 2026 GREENBERG TRAURIG, LLP

By: */s/ Lori Chang*
Lori Chang
Attorneys for Defendants Shein Distribution Corporation, Shein U.S. Services, LLC, Shein Technology, LLC